By the Court.
 

 The question presented is well stated in relator’s brief as follows:
 

 “The single question presented is whether a declaration of candidacy and the petition consisting of a number of separate part-petitions, filed therewith, meet the requirements of law if such declaration of candidacy is filed and the statements made therein are sworn to by the candidate on only one of such separate petition papers, and such declaration of candidacy so filed is copied on each of the other separate petition papers before the signatures of electors are placed thereon. Stated otherwise, the question is whether each separate petition paper is required to have the completed
 
 *213
 
 affidavit, attached to the original declaration of candidacy, copied thereon.”
 

 The decision in this case depends upon the proper interpretation of Sections 4785-71 and 4785-72, General Code.
 

 In Section 4785-71, General Code, there is prescribed a form for declaration of candidacy and petition. As a part of the declaration of candidacy there is prescribed the following:
 

 “The State of Ohio j “County of..... j
 

 “..........(Name of candidate), being duly sworn, deposes and says that he is the candidate named in the above declaration of candidacy and that the statements and declarations therein contained are true as he verily believes.
 

 “(Signature of candidate)
 

 “Subscribed and sworn to before me this ....day of......, 19. .
 

 “(Signature of officer administering oath)
 

 “ (Title of officer) ”
 

 Section 4785-72, General Code, provides:
 

 “If the petition required by law to be filed with a declaration of candidacy should consist of more than one separate petition paper the declaration of candidacy of the candidate named in the petition need be
 
 *214
 
 signed by the candidate and his affidavit thereto need be subscribed by him and executed on only one of such separate petition papers, but the declaration of candidacy so signed, subscribed and executed shall be copied on each other separate petition paper before the signatures of electors are placed thereon. * * * ”
 

 It is argued by relator that the elimination of the word, “affidavit,” in the part to be copied on the other separate petition papers is significant, and the affidavit on such other papers is unnecessary.
 

 The respondent, on the contrary, argues that as the affidavit is a part of the form of the declaration of candidacy prescribed in Section 4785-71, General Code, it was intended by the General Assembly that the entire form as outlined in Section 4785-71, General Code, including the affidavit, should be copied in full. This seems a* reasonable requirement to the end that the person asked to sign the petition may have the assurance under oath that the facts recited in the foregoing declaration of candidacy are true.
 

 Therefore, the writ of mandamus should be, and hereby is denied.
 

 Writ denied.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart, Turner and Taft, JJ., concur.