Stewart, J.
The sole question presented to us is the interpretation of Section 3513.261, Bevised Code, which governs the filing of nominating petitions as to independent candidates for office.
*180 The pertinent part of such section, upon the interpretation of which the parties disagree, is:
“Each nominating petition shall contain a statement of candidacy which shall be subscribed and sworn to by the candidate named therein. Such statement of candidacy shall contain a declaration that the candidate desires to be a candidate for the office named therein, and that he is an elector qualified to vote for the office he seeks.
“The form of the nominating petition and statement of candidacy shall be substantially as follows:
“Statement oe Candidacy
“I,.............. (Name of candidate), the undersigned, hereby state that my voting residence is in..........Precinct of the................ (Township) or (Ward and City or Village) in the County of ........, Ohio; that my postoffice address is........ (Street and Number, if any, or Rural Route and Number) of the .......... (City, Village, or Postoffice) of .........., Ohio; that I am a qualified elector in the precinct in which my voting residence is located. I hereby declare that I desire to be a candidate for election to the office of...... in the......(State, District, County, City, Village, Township, or School District) for the..........(Full term or unexpired term ending........) at the General Election to be held on the........day of........,19.......
“I further declare that I am an elector qualified to vote for the office I seek. Dated this........day of..........,19----
(Signature of candidate)
“The State of Ohio ) ) ) * ‘ County of ..........)
“................... (Name of candidate), being duly sworn, deposes and says that he is the candidate named in the *181 above statement of candidacy and that the statements and declarations therein contained are true as. he verily believes.
(Signature of candidate)
“Subscribed and sworn to before me this ...... day of ........19.....
(Signature of officer administering oath)
(Title of officer)
“I, ..:..................., hereby constitute the persons named below a committee to represent me:
“Name
Residence
“Nominating Petition
“We, the undersigned, qualified electors of the state of Ohio, hereby nominate .................. as a candidate for election to the office of............in the............ (State, District, County, City, Village, Township, or School District) for the ....................... (Full term or unexpired term ending................) to be voted for at the general election next hereafter to be héld. We individually pledge that we will support and vote for the above proposed candidate at said election, and that we have not signed the nominating petitions of *182 more candidates for said office than the number to be elected to said office.
‘ ‘ Signature Street City,
Address Village or Date of
Township Ward Precinct County Signing
“The State of Ohio ) ) ) ‘ ‘ County of ..........)
“................... being duly sworn, deposes and says that he is the circulator of the foregoing petition paper containing ........signatures; that said signatures were written in his presence and are the signatures of the persons whose signatures they purport to be; and that he resides at the address appearing below his signature hereto.
“Signature of circulator .................................
“Address ................................................
“Subscribed and sworn to before me this .... day of----, 19..... ■
(Signature of officer administering oath)
(Title of officer) ”
Respondents maintain that the candidate must sign and swear to the statement of candidacy prior to obtaining the signatures of the electors, whereas the relator maintains that so *183 long as the statement of candidacy and the nominating petition are accurately filled in in every blank space, except the signature of the candidate and the jurat, it is necessary to have only such signature and jurat upon such statement of candidacy at the time it is filed.
Respondents base their contention upon the fact that Sections 3513.07 and 3513.09, Revised Code, which govern the declaration of candidacy and signature and affidavit of the candidate as to a person desiring to be a candidate for a party nomination to be voted on at a primary election, require that such declaration of candidacy and the affidavit thereto must be signed and sworn to before the signatures of electors are placed thereon. They contend that there is no reason to suppose that the General Assembly had any notion of providing a different rule as to independent candidates for office, and that, since Section 3513.261 provides a form of nominating petition and statement of candidacy which appears prior to the signatures of the electors, the General Assembly must have intended that such statement of candidacy be signed and sworn to prior to the circulation of the petition.
The short and simple answer to such a contention is that the General Assembly did not provide for- such signature and oath prior to the circulation of a nominating petition for an independent candidate, as it did in Sections 3513.07 and 3513.09, Revised Code, as to a party candidate in a primary election.
Undoubtedly within constitutional limitations the General Assembly may provide for the conduct of elections and the qualification of candidates, and in doing so it naturally follows that many highly technical requirements in election laws exist.
It is essential, of course, to protect the purity of elections, the cornerstone of free institutions. However, since this condition is inevitable, courts should be careful not to read requirements into election laws which are not specifically there.
Where there is mandatory language in an election statute requiring a proposed candidate to do certain things before his name can be placed upon a ballot, those things must be done in accordance with the statute before such proposed candidate is eligible to have his name placed on the ballot. On the other hand, where a proposed candidate strictly follows all the re *184 quirements stated in the statute governing his candidacy, he is not required to do things required by another statute concerned with a different class of candidates.
Nowhere in Section 3513.261, Revised Code, is there a provision that the statement of candidacy be signed. and sworn to by the candidate prior to its circulation among the electors.
Originally the idea with reference to the nomination of an independent candidate was that he be nominated by electors without any active declaration or statement on his part. Until January 1, 1954, an independent candidate did not file an announcement of candidacy; such a candidate merely signed an “acceptance of candidacy,” as required by Section 4785-92, General Code.
As we have stated, Sections 3513.07 and 3513.09, Revised Code, with reference to party candidates in primary elections, provide for the filing of a “declaration of candidacy” as distinguished from a “statement of candidacy” in Section 3513. 261, Revised Code. Likewise, the former sections provide that the declaration of candidacy need be signed and sworn to upon only one petition paper and may be copied on additional petition papers before being submitted to electors. There is no such provision in the latter section, and so the “statement of candidacy” must be signed and sworn to upon'each of the petition papers. Furthermore, by the former sections, in the petition for candidacy the electors allege simply that the candidate is a member of a party and is well qualified to perform the duties of the office to which he desires to be elected, whereas, by the latter section, the electors nominate the proposed candidate as a candidate for election and they individually pledge that they will support and work for the “proposed candidate” at such election..
It seems to us that this difference in language is quite significant. In the case of the party candidate he makes a declaration of candidacy and those electors signing his petition certify that he belongs to a certain party and that they believe he is qualified to perform the duties of the office he seeks, whereas in the case of an independent candidate the electors signing his petition nominate him as a candidate for election and individually pledge that they will support and vote for him as a *185 “proposed candidate.” Such language certainly contemplates that he has not actually made a declaration of candidacy but that the electors are nominating and proposing him as a candidate and that they will support and vote for him when he becomes a genuine candidate.
In the present case, every blank on the nominating petition and statement of candidacy, except as to the signature and oath of relator, was correctly filled in before any elector signed the petition, so that when any such signature was obtained all the information with reference to relator was apparent. The electors nominated relator by name for the fully described term and individually pledged their support for relator as a proposed candidate. Therefore, it would seem that, after the nominating petition and statement of candidacy had been signed by the electors, and thereupon the statement of candidacy which had been entirely completed before the circulation of the nominating petition had been signed and sworn to by relator prior to the filing of the nominating petition and statement of candidacy, everything required by Section 3513.261, Revised Code, had been completely complied with by relator, and respondents were in error in rejecting the nominating petitions.
The case of State, ex rel. Marshall, v. Sweeney, Secy. of State, 153 Ohio St., 208, 90 N. E. (2d), 869, so strongly relied upon by respondents, has no application to the facts of the present case.
In the Marshall case this court held simply that, with reference to a petition for a party candidate, a copy of the ‘ ‘ declaration of candidacy, ’ ’ required to be placed on additional separate petition papers “before the signatures of electors are placed thereon,” must include a copy of the affidavit at the end of the declaration. That case related to party candidates who, as we have said, are governed by entirely different statutes from those governing independent candidates.
Doubtless the General Assembly could have made the same provisions with reference to party candidates in a primary and independent candidates in a general election, but a perusal and comparison of the statutes indicate that the General Assembly did not do so.
*186 For the reasons given, the demurrer to the petition must be, and it hereby is, overruled, and, since all parties agree that the ruling on the demurrer will be decisive, the writ of mandamus as prayed for by relator must be, and it hereby is, allowed.

Writ allowed.

Weygandt, C. J., Hart, Zimmerman and Taet, JJ., concur.
Matthias and Bell, JJ., dissent.