Taet, J.,
concurring. Much of the difficulty involved in reconciling the decisions of this court dealing with election board rulings on petitions of candidates has been caused by decisions such as State, ex rel. Kroeger, v. Leonard et al., Board of Elections of Summit County, 151 Ohio St., 197, 84 N. E. (2d), 910, which have required a technical adherence to mere formalities, even in instances where it is clearly apparent that such technical adherence to form could have no reasonable relationship to any purpose that the General Assembly may reasonably have had in requiring the circulation and filing of petitions by candidates.
Then, in order to escape from those decisions in hard cases where a board of elections has refused to follow them, this court has sometimes said, as it does in the majority opinion, that, where the determination of the board has not been “procured *15 by fraud or corruption,” such determination will not be reversed unless “there has been a flagrant misinterpretation of a statute, or a clear disregard of legal provisions applicable” to such determination. This so-called “test for reversing a decision of a board of elections” may be referred to as the “rubber stamp test” inasmuch as it involves what amounts to rubber stamp approval by this court of determinations of boards of elections, even where they do not comply with applicable statutes or with prior decisions of this court interpreting such statutes.
The decision of the board of elections involved in State, ex rel. Flynn, v. Board of Elections of Cuyahoga County, 164 Ohio St., 193, 129 N. E. (2d), 623 (the case referred to in the majority opinion after the statement of such a “rubber stamp test”), was based upon a factual determination by the board and there was substantial evidence before the board in that case to sustain that factual determination. See also State, ex rel. Klink, v. Eyrich, Jr., et al., Board of Elections of Hamilton County, 157 Ohio St., 338, 339, 105 N. E. (2d), 399, State, ex rel. Ford, v. Board of Elections of Pickaway County, 167 Ohio St., 449, 451, 150 N. E. (2d), 43. Hence, in refusing to upset the decision of the board of elections in the Flynn case, this court did not approve a decision that did not comply with the law, as the majority opinion purports to do in the instant case. Thus, the decision in the Flynn case is no authority for the “rubber stamp test” although the broad words of paragraph one of its syllabus might be so interpreted. None of the cases cited in the opinion of the Flynn case support any such “rubber stamp test.” Furthermore, this court has frequently reversed decisions of boards of elections where the “rubber stamp test” would have required approval of such decisions. State, ex rel. Barklow, v. Appel et al., Board of Elections of Scioto County, 165 Ohio St., 498, 137 N. E. (2d), 674, State, ex rel. Pucel, v. Green et al., Board of Elections of Cuyahoga County, 165 Ohio St., 175, 134 N. E. (2d), 154, State, ex rel. Leslie, v. Duffy et al., Board of Elections of Cuyahoga County, 164 Ohio St., 178, 129 N. E. (2d), 632, State, ex rel. Newell, v. Brown, Secy. of State, 162 Ohio St., 147, 122 N. E. (2d), 105, State, ex rel. Halpin, v. Hamilton County Board of Elections, 161 Ohio St., *16 281, 118 N. E. (2d), 840, State, ex rel. Lakes, v. Young et al., Board of Elections of Montgomery County, 161 Ohio St., 341, 119 N. E. (2d), 279, State, ex rel. Bass, v. Board of Elections of Summit County, 157 Ohio St., 345, 105 N. E. (2d), 414, State, ex rel. McGowan, v. Board of Elections of Summit County, 157 Ohio St., 428, 105 N. E. (2d), 639, State, ex rel. Woods, v. Eyrich, Jr., et al., Board of Elections of Hamilton County, 157 Ohio St., 326, 105 N. E. (2d), 393, State, ex rel. Ehring, v. Bliss et al., Board of Elections of Summit County, 155 Ohio St., 99, 97 N. E. (2d), 671. See Heidtman v. City of Shaker Heights, 163 Ohio St., 109, 121, 126 N. E. (2d), 138.
Also, this court has, in approving decisions of boards of elections, frequently expressed opinions as to the correctness of the law as applied by those boards where it could have merely approved those decisions by using the “rubber stamp test.” State, ex rel. Reed, v. Malrick et al., Board of Elections of Pike County, 165 Ohio St., 483, 137 N. E. (2d), 560, State, ex rel. Bouse, v. Cickelli et al., Board of Elections of Trumbull County, 165 Ohio St., 191, 134 N. E. (2d), 834, State, ex rel. Marshall, v. Sweeney, Secy. of State, 153 Ohio St., 208, 90 N. E. (2d), 869.
In my opinion, the same law should be applied to all candidates. The “rubber stamp test” will frequently prevent that. Therefore, I cannot agree with the portion of the majority opinion relating to what is referred to therein as the “first issue.” However, it is conceded that there was proof before the board that the circulators of the petitions were all qualified electors of the state, and hence, for the reasons stated in my dissenting opinion in State, ex rel. Allen, v. Board of Elections of Lake County, post, 19, I concur in the judgment.