Takt, J.
Prohibition is an appropriate proceeding to prevent a board of elections from placing a candidate’s name on a ballot where such name may not lawfully be placed thereon. State, ex rel. Newell, Jr., v. Brown, Secy. of State, 162 Ohio St., 147, 122 N. E. (2d), 105. Furthermore, in such a prohibition proceeding, notwithstanding the provisions of Section 3513.05, Revised Code, that the determination of a board of elections as to the validity of a declaration of candidacy “shall be final,” a court may in effect reverse such a decision where the undisputed facts are such as to require a different decision as a matter of law. See State, ex rel. Hanna, v. Milburn et al., Lake County Board of Elections, 170 Ohio St., 9, 15, 16, 161 N. E. (2d), 891.
The form of declaration of candidacy provided for by Section 3513.07, Revised Code, certainly indicates a legislative intention to require therein a sworn statement from the candidate that his “voting residence is in” a specified precinct and that he is (“I am”) a qualified elector in such specified precinct. State, ex rel. Allen, v. Board of Elections of Lake County, 170 Ohio St., 19, 161 N. E. (2d), 896. There is, under the statutory words, only one time to which the required statement can relate, i. e., the time the declaration of candidacy is signed and sworn to. This conclusion necessarily results from the words “is in” and “I am” specified for the statutory form. If the General Assembly intended some other time it could readily have so indicated, as by using words such as “is to be” or “will be” either on filing the declaration or at the time of the primary election.
As this court unanimously indicated in its per curiam opinion in State, ex rel. Marshall, v. Sweeney, Secy. of State, 153 Ohio St., 208, 214, 90 N. E. (2d), 869, the affidavit of the *516 candidate in Ms declaration of candidacy is required so “that the person asked to sign the petition may have the assurance under oath that the facts recited in the foregoing declaration of candidacy are true.” (Emphasis added.) If it would be sufficient to have “the facts recited in the * * * declaration of candidacy * * * true” merely when the petition was filed, “the person asked to sign the petition,” who will always have been asked to sign before the petition was filed, would have no such “assurance.”
In State, ex rel. Ehring, v. Bliss et al., Board of Elections of Summit County, 155 Ohio St., 99, 97 N. E. (2d), 671, this court held that a declaration of candidacy was valid although it specified a “voting residence” from which the candidate had moved witMn 40 days preceding its filing because, under the proviso in what is now Section 3503.01, Revised Code, the candidate could have voted at his old address when he filed Ms declaration. It is obvious that the candidate also could have voted at that former address at any earlier date upon which he may have signed and sworn to his declaration. Certainly, this court had no occasion to and did not consider in that case whether the sworn affidavit speaks as of the time the declaration is filed rather than at the earlier time it is signed and sworn to.
In the instant case, Burke’s voting residence could not have been a precinct in the 23rd district on January 30, 1960 because it is admitted by the demurrer to the amended petition that (1) Burke had not on January 30, 1960 resided for 40 or more days in any such 23rd district precinct (see Section 3503.01, Revised Code) and (2) he was not then registered in any such 23rd district precinct (see Section 3503.06, Revised Code). Since, as admitted by the demurrer to the amended petition, Burke did not reside in any precinct in the 23rd district on January 30, 1960, Burke could not even have registered on that day as an elector in any such precinct for the purpose of becoming qualified as an elector in such precinct for the May 3, 1960 primary election. See Section 3503.07, Revised Code.
In spite of the foregoing facts, as admitted by the demurrer to the amended petition, Burke on January 30, 1960 *517 stated under oath in his declaration of candidacy that his voting residence was then in a 23rd district precinct and that he was then a qualified elector in that 23rd district precinct.
In our opinion, where a candidate states under oath in the declaration of candidacy required by Section 3513.07, Bevised Code, that his voting residence is in a particular registration precinct and that he is a qualified elector in such precinct when at the time of such sworn statement the candidate is not residing in such precinct, has not resided there for 40 or more days and has not even attempted to register as an elector therein, there is such a failure to fully comply with Sections 3513.05 and 3513.07, Bevised Code, as to require, at a hearing on a protest against the candidacy of such candidate, a determination that his declaration of candidacy be rejected.
In State, ex rel. Woods, v. Eyrich, Jr., et al., Board of Elections of Hamilton County, 157 Ohio St., 326, 105 N. E. (2d), 393, this court did hold that a declaration of candidacy was valid although the candidate had not resided at the voting address specified therein for 40 days preceding the time that “the candidate signed his declaration” as well as for 40 days preceding the time of its filing. It is not clear from the report whether any contention was made that the candidate was not qualified because he had not resided for 40 days at that voting address as required by what is now Section 3503.01, Bevised Code. The report tends to indicate that the only question presented for consideration was whether the candidate had effected a transfer in his registration prior to the execution of his declaration of candidacy, as this court held he had. In any event, the candidate in that case did reside at the address specified in his declaration when he signed it, had resided there for a substantial time and had then (in accordance with statutory authority allowing a registration therein for the next election before 40 days residence, see Section 3503.07, Revised Code) effected a transfer of his registration to that address. In the instant case, Burke had (on the allegations of the amended petition admitted by the demurrer) never even resided at or endeavored to transfer his registration to the precinct specified in his declaration of candidacy when he signed and swore to the statement in that declaration that that precinct was then his *518 voting residence and that he was then a qualified elector therein.
The board relies upon that part of the decision of the majority of this court in State, ex rel. Schroy, v. Wagner, 127 Ohio St., 174, 187 N E., 572, which held that “an elector, otherwise qualified, whose name appears upon the permanent registration list, may sign a petition * * * although at the time he has not transferred his registration” to a new residence to which he should have transferred it.. In reaching that conclusion, this court relied upon the provisions of what is now Section 3503.06, Revised Code, reading that “no person *,* * shall be entitled * * * to sign any declaration of candidacy, nominating * * * petition, unless he is duly registered as an elector,” and apparently upon the provisions of what is now Section 3503.07, Revised Code, for permanency of registration and of what is now Section 3503.16, Revised Code, for transfer of registration. The argument of the board seems to be that if, by reason of his previous permanent registration in a precinct outside of the 23rd district, Burke could have signed a nominating petition without transferring his registration, he could likewise sign a declaration of candidacy. If we assume that this argument is sound, it does not follow that Burke could, in stating under oath as required by Section 3513.07, Revised Code, that his voting residence was in a certain precinct and that he was a qualified elector in that precinct, make untrue statements without thereby failing, within the meaning of Section 3513.05, Revised Code, to fully comply with Section 3513.07, Revised Code. Section 3513.04, Revised Code, specifically contemplates and requires full compliance by a candidate with Sections 3513.01 to 3513.32, Revised Code, but does not suggest the necessity of any such compliance on the part of a signer of such a candidate’s petition. Cf. State, ex rel. Bass, v. Board of Elections of Summit County, 157 Ohio St., 345, 105 N. E. (2d), 414, denying a collateral attack on the qualifications of a registered circulator of a petition.
From what we have said, it is apparent that the demurrer must be overruled; and, since the parties have agreed that the ruling. on the demurrer will be dispositive of the cause, the writ prayed for is allowed. Hence, it is unnecessary to con *519 sider the other reasons advanced by relators for allowance of the writ.

Demurrer of Ted W\ Brown, Secretary of State, to amended petition sustained and allowance of writ against him denied.

Demurrer of members of Board of Elections of Cuyahoga County overruled and writ allowed.

Weygandt, C. J., Zimmerman, Matthias, Bell and Peck, JJ., concur.
Herbert, J., concurs in paragraphs one and two of the syllabus and in the judgment but dissents from paragraphs three, four and five of the syllabus.