**STATE, ex rel., DONNELLY, Plaintiff-Relator, v. GREEN et, Defendants-Respondents.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24479.   Decided March 19, 1958.

John V. Donnelly, Gordon T. Canning, Jr., for plaintiff-relator.
John T. Corrigan, County Pros., Saul S. Danaceau, Asst. County Pros., for defendants-respondents.

## OPINION

By SKEEL, PJ.

This is an original action in this court seeking a writ of mandamus directing the Board of Elections of Cuyahoga County not to print the name of William H. Corrigan on the Democratic Primary ballot for the office of State Senator, four year term, for the Primary Election to be held May 6, 1958.

The petition alleges that at 2:00 P. M. on February 5, 1958, William H. Corrigan filed a declaration of candidacy as a candidate for the two year term commencing January 1, 1959, for the office of State Senator from Cuyahoga County on the Democratic ticket. On the same day at about 4:00 P. M., William H. Corrigan filed a like petition for a four year term for the office of State Senator, beginning January 1, 1959; that the last day for filing declarations as candidates for the Primary Election to be held May 6, 1958, as provided by law, was by 4:00 P. M. of February 5, 1958. That the declaration filed at 4:00 P. M. on February 5, 1958, was invalid as not in accord with the statutes of Ohio; that the two year term and the four year term of the office of State Senator, both commencing January 1, 1959, are incompatible and cannot be held by one person.

The petition then requests that the respondents be directed to reject the declaration for the four year term (above more fully described) filed by the candidate William H. Corrigan, and to cause his name to be stricken from the list of Democratic Party candidates certified to the Secretary of State as candidates for the four year term of State Senator to be presented at the Primary Election to be held May 6, 1958

The answer admits that a candidate, William H. Corrigan, filed the two declarations of candidacy as alleged in the relator's petition and paid the fees therefor which declarations were received and filed by the Election Board. It is also alleged that on the 80th day before May 6, 1958, the candidate, in writing, withdrew as a candidate for the two year term whereupon the respondent Board of Elections for Cuyahoga County did rule that the declaration of candidacy and petition papers of the said William H. Corrigan for the four year term were valid. It is further alleged that no protest was filed challenging the declaration of candidacy of William H. Corrigan seeking nomination on the Democratic ticket for the four year term of State Senator at the Primary Election to be held May 6, 1958.

It is further alleged that since the declaration as a candidate for the two year term of State Senator had been withdrawn as provided by the express provisions of the Statutes of Ohio, whereby only the declaration as candidate and petition papers for the four year term remained, and the Board of Elections having found that the declaration and petition papers for such term were sufficient, there was then no incompatibility of offices sought by the candidate.

The reply of the relator denies all of the allegations of the answer except those consistent with the allegations of his petition. The reply further alleges that no protest was filed against the second declaration filed by William H. Corrigan seeking nomination for the four year term because of the Board's announced ruling that William H. Corrigan was disqualified. That on February 17, 1958, the same day the Board stated it had changed its opinion on the eligibility of William H. Corrigan for the four year term, a written protest was filed.

In open court (although the fact of the written withdrawal of the declaration for the two year term is denied by the reply) the relator admitted the fact that within the period provided by statute after the last day and hour for filing declarations of candidacy for the May 6, 1958 Primary Election, a written withdrawal, properly executed by the candidate William H. Corrigan was filed withdrawing his declaration of candidacy for the two year term of State Senator.

There is no provision of the statute preventing a candidate from filing more than one declaration of candidacy for public offices to be filled by popular vote as provided by law. In fact, the theory of open elections, uncontrolled by party convention, is to invite all who desire to hold public office to present themselves to the electorate. In a Primary Election, the members of each party select their candidates by popular vote of declared party members.

The Election Board is the supervisor of elections under the direction of the Secretary of State. Sec. 3501.11 (K) R. C., defines the duties of the Board with regard to determining the sufficiency and validity of petitions and nominating papers as follows:

"Sec. 3501.11 R. C.—Duties of Board.

"Each board of elections shall exercise by a majority vote all powers granted to such board by Title XXXV R. C., shall perform all duties imposed by law, and shall:

"* * *

"(K) Review, examine, and certify the sufficiency and validity of petitions and nominating petitions and nominating papers; * * *"

The issues in this case are first whether or not the Board of Elections of Cuyahoga County abused its discretion or acted in bad faith in holding that until the legal period for withdrawal of declarations of candidacy filed by persons seeking nomination as a party candidate has passed, it was not required to pass on the question of whether or not the filing of a second declaration of candidacy by a candidate who had already filed a declaration seeking nomination to a public office (such offices being admittedly incompatible), was in violation of law, and second, whether or not the Board of Elections was in error in determining that after the first declaration filed was withdrawn as provided by law within ten days after the filing deadline, the second declaration that remained, was valid, requiring the Board to certify such candidate for the office declared in his declaration.

The finality of the act of filing a declaration of candidacy so far as the obligation of a candidate is concerned has been extended by §3513.30 R. C., which provides that at the discretion of the candidate, he may

withdraw a declaration if he acts within ten days from the final filing date in the manner therein prescribed.

The Election Board, as the supervisor of the election, unquestionably gave fair consideration to the procedural question here presented. Its decision at least has the virtue of sustaining, rather than denying, the inalienable right of a citizen otherwise eligible in every respect to present himself as a candidate for public office to the electorate of this county.

In the case of **Pierce v. Brushart, 153 Oh St 372, 92 N. E. 2d 4,** the Supreme Court of Ohio had for consideration the question of the discretion vested in the Board of Elections by law in determining the validity of a declaration and petition papers of a candidate seeking public office. The candidate had used two different names intermittently for many years occasioned by the fact that his mother had been remarried when he was seven years of age. In filing his declaration of candidacy in this instance, he used the name "Phillips" which was the name of his mother's second husband and by which name he was well known in the community. No protest was filed by the relator within ten days of the final filing date for declarations of candidacy for the Primary Election of that year. The Election Board determined the declaration of candidacy and petition papers of this candidate to be valid. In the first paragraph of the syllabus, the Court said:

"In the absence of fraud or bad faith, the courts may not override a finding of a board of elections, having jurisdiction of the subject matter, to the effect that a declaration of candidacy and petition of a candidate for nomination to a public office is valid, where no protest against such declaration and petition was filed with such board within the time required by statute."

In the case now being considered, no protest was filed within the time provided by §3513.05 R. C., effective 8/20/57. This section, in part, provides:

"* * *

"Protests against the candidacy of any person filing a declaration of candidacy for party nomination or for election to an office or position, as provided in this section, may be filed by any qualified elector who is a member of the same political party as the candidate, or by the controlling committee of such party. Such protest must be in writing, and must be filed not later than four p. m. of the eightieth day before the day of the primary election. Such protest shall be filed with the election officials with whom the declaration of candidacy and petition was filed. Upon the filing of such protest the election officials with whom it is filed shall promptly fix the time for hearing it, and shall forthwith mail notice of the filing of such protest and the time fixed for hearing it to the person whose candidacy is so protested. They shall also forthwith mail notice of the time fixed for such hearing to the person who filed the protest. At the time fixed such election officials shall hear the protest and determine the validity or invalidity of the declaration of candidacy and petition. If they find that such candidate is not an elector of the state, district, county, or political subdivision in which he

seeks a party nomination or election to an office or position, or has not fully complied with §§3513.01 to 3513.32, inclusive, R. C., his declaration of candidacy and petition shall be determined to be invalid and shall be rejected, otherwise it shall be determined to be valid. Such determination shall be final."

In the Brushart case, supra, the Supreme Court said on page 379:

"In the opinion of the court, the filing of the protest in the instant case after the time designated in the statute was a nullity and the board was warranted in disregarding it. Since there was no protest seasonably filed with the board of elections and since the board found the candidate's declaration and petition valid, were the courts warranted in enjoining the board from permitting the name of Hubert Phillips to appear on the ballot? Secs. 5004 to 5007, inclusive, GC, in force prior to 1912, were analogous to present §4785-92 GC, and contained the provision that the findings of the Secretary of State, State Supervisor of Elections and deputy state supervisors as to the sufficiency of certificates of nomination papers were final."

"In the case of State, ex rel. Buel, v. Joyce, et al., Deputy State Supervisors, 87 Oh St 126, 100 N. E., 325, this court said:

" 'The sections of the election laws which are now numbered §§5005, 5006, 5007 GC, have been under consideration by this court several times; and it has been uniformly held that the decision of the Secretary of State, when acting in the capacity of State Supervisor of Elections, upon written objections to certificates of nomination and nomination papers or upon other questions arising in the course of nomination of candidates, is final. Chapman v. Miller, 52 Oh St 166; Randall v. State, ex rel., 64 Oh St 57; State, ex rel., v. Stewart, 71 Oh St 55. The statute so declares; and as at present advised, this court is of the opinion that those matters are not per se the subject of judicial cognizance, but are matters for political regulation and well within the legislative power.' "

Sec. 4785-92 GC, therein cited, became §3513.29 R. C., which was repealed effective 1/1/54 but the provisions for protest were brought into §3513.05 R. C., by the same amendment changing the requirement of presenting protests to the Secretary of State to require that protests be filed wih the election official with whom the declaraion of candidacy and peition were filed. Sec. 3513.05 R. C., was again amended effective 8/20/57 but the substance of this paragraph of the section was not changed.

We must conclude, therefore, that the failure of the relator to file a protest, as required by §3513.05 R. C., and for the further reason that the action of the Election Board came clearly within its jurisdiction, the question being for its determination, there being no showing of fraud or bad faith or abuse of discretion, the matters here presented are not per se the subject of judicial cognizance and the relator's petition must be dismissed.

Writ denied.

HURD and KOVACHY, JJ, concur.