The STATE ex rel. O'DONNELL

v.

CUYAHOGA COUNTY BOARD OF ELECTIONS.

[Cite as *State ex rel. O'Donnell v. Cuyahoga Cty. Bd. of Elections* (2000), 136 Ohio App.3d 584.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 77536.

Decided Feb. 2, 2000.

*Allan & Gallagher, LLP,* and *Sean P. Allan,* for relator.

*John P. O'Donnell, pro se.*

*William D. Mason,* Cuyahoga County Prosecuting Attorney, and *Reno J. Oradini,* Assistant Prosecuting Attorney, for respondent.

Rocco, Presiding Judge.

The relator, John P. O'Donnell, has filed a complaint for a writ of mandamus through which he seeks an order from this court that requires the respondent, the Cuyahoga County Board of Elections, to recertify the relator's declaration and petition for candidacy with regard to the Democratic Party primary election scheduled for March 7, 2000, the office of judge for the Cuyahoga County Court of Common Pleas, full term commencing January 7, 2001. The relator has filed a motion for summary judgment. For the following reasons, we grant the relator's motion for summary judgment.

On November 24, 1999, the relator filed with the respondent a declaration of candidacy and petition ("appeals petition") for the March 7, 2000 Democratic primary election, office of judge for the Eighth District Court of Appeals, full term commencing January 2, 2001. Between November 24, 1999 and December 20, 1999, the relator circulated a declaration of candidacy and petition ("common pleas petition") for the March 7, 2000 Democratic primary election, office of judge

for the Cuyahoga County Court of Common Pleas, General Division, full term commencing January 7, 2001.

On January 5, 2000, the relator filed with the respondent a notice of withdrawal of the appeals petition. Following the aforesaid withdrawal of candidacy, the relator immediately filed with the respondent the common pleas petition. On January 12, 2000, the respondent certified the relator's common pleas petition pursuant to R.C. 3513.05.

On January 18, 2000, a protest concerning the validity of the relator's common pleas petition was filed with the respondent. The protest, as filed by Scott Miller,[1] another candidate for the Democratic primary election, office of judge for the Cuyahoga County Court of Common Pleas, General Division, full term commencing January 7, 2001, raised three grounds for invalidation or decertification of the relator's common pleas petition: (1) the relator's withdrawal of his appeals petition was defective, (2) R.C. Chapter 3513 prohibits the relator from withdrawing his appeals petition and subsequently filing a new common pleas petition, and (3) public policy prohibits the relator from circulating a common pleas petition while possessing a certified appeals petition.

On January 21, 2000, the respondent conducted a hearing with regard to the protest as filed by Scott Miller. Following the hearing, the respondent ruled that the first two grounds in support of the protest were not well taken. The respondent, however, held that public policy and election laws prohibited the relator from circulating a common pleas petition while possessing a certified appeals petition. The respondent immediately invalidated and decertified the relator's common pleas petition. On January 24, 2000, the relator filed his complaint for a writ of mandamus.

■■ In order for this court to issue a writ of mandamus, the relator must demonstrate that (1) the relator possesses no plain and adequate remedy in the ordinary course of law, (2) the respondent possesses a clear legal duty to perform some act or acts, and (3) the relator possesses a clear legal right to the relief sought. *State ex rel. Harris v. Rhodes* (1978), 54 Ohio St.2d 41, 8 O.O.3d 36, 374 N.E.2d 641; *State ex rel. Brammer v. Hayes* (1955), 164 Ohio St. 373, 58 O.O. 155, 130 N.E.2d 795; R.C. 2731.01. It must also be noted that when adjudicating a extraordinary writ relating to elections, the applicable standard is whether the board of elections engaged in fraud, corruption, abuse of discretion, or clear disregard of statutes or applicable legal provisions. *State ex rel. Kelly v. Cuyahoga Cty. Bd. of Elections* (1994), 70 Ohio St.3d 413, 639 N.E.2d 78; *State ex rel. Carr v. Cuyahoga Cty. Bd. of Elections* (1992), 63 Ohio St.3d 136, 586 N.E.2d 73.

---

1. Scott Miller is not a party to this action.

In the case *sub judice,* the relator possesses no other adequate remedy at law. Mandamus is the appropriate remedy to address the respondent's decision to invalidate and decertify the relator's common pleas petition. *State ex rel. Smart v. McKinley* (1980), 64 Ohio St.2d 5, 18 O.O.3d 128, 412 N.E.2d 393; *State ex rel. Smith v. Smith* (1920), 101 Ohio St. 358, 129 N.E. 879. Pursuant to R.C. 3501.11(K), the respondent possesses the duty to "review, examine, and certify the sufficiency and validity of petitions and nomination papers, and after certification, return to the secretary of state all petitions and nomination papers that the secretary of state forwarded to the board." In addition, the respondent's duties are controlled by R.C. 3501.39, which provides:

"The secretary of state or board of elections shall adopt any petition described in section 3501.38 of the Revised Code unless one of the following occurs:

"(1) A written protest against the petition or candidacy, naming specific objections, is filed, a hearing is held, and a determination is made by the election officials with whom the protest is filed that the petition is invalid, in accordance with any section of the Revised Code providing a protest procedure.

"(2) A written protest against the petition or candidacy, naming specific objections, is filed, a hearing is held, and a determination is made by the election officials with whom the protest is filed that the petition violates any requirement established by law.

"(3) The candidate's candidacy or the petition violates the requirements of this chapter, Chapter 3513. of the Revised Code, or any other requirements established by law.

"(B) A board of elections shall not invalidate any declaration of candidacy or nominating petition under division (A)(3) of this section after the fiftieth day prior to the election at which the candidate seeks nomination to office, if the candidate filed a declaration of candidacy, or election to office, if the candidate filed a nominating petition."

Finally, the respondent's ability to invalidate and decertify a declaration of candidacy and petition, following a protest, is controlled by R.C. 3513.05, which provides:

"* * * Protest against the candidacy of any person filing a declaration of candidacy for party nomination or for election to an office or position, as provided in this section, may be filed by any qualified elector who is a member of the same political party as the candidate and who is eligible to vote at the primary election for the candidate whose candidacy he objects to, or by the controlling committee of such party. * * * At the time fixed such election officials shall hear the protest and determine the validity or invalidity of the declaration of candidacy and petition. *If they find such candidate is not an elector of the state, district,*

*county, or political subdivision in which the candidate seeks a party nomination or election to an office or position, or has not fully complied with this chapter, the candidate's declaration of candidacy and petition shall be determined to be invalid and shall be rejected, otherwise it shall be determined to be valid.* * * * *" (Emphasis added.)

■ Herein, the respondent previously executed its statutory duty and certified the relator's common pleas petition. Only upon a showing that the relator was not an elector of the state, district, county, or political subdivision in which the relator seeks election, or that the relator has not complied with the other mandatory requirements of R.C. Chapter 3513, could the respondent uphold the protest as filed by Scott Miller and invalidate and decertify the relator's common pleas petition. As demonstrated by the transcript of proceedings of the protest hearing of January 21, 2000, the respondent rejected the first and second grounds for invalidation and decertification. The respondent, however, found that the third ground in support of the protest, a violation of public policy and election laws, was viable and thus invalidated and decertified the relator's common pleas petition.

Upon review of the relator's motion for summary judgment, the respondent's brief in opposition to the motion for summary judgment, the affidavits attached to the parties' briefs, the transcript, and pertinent case law, we find that the respondent improperly sustained the protest as filed by Scott Miller, which resulted in the invalidation and decertification of the relator's common pleas petition. As a matter of law and fact, the relator complied with all of the requirements of R.C. Chapter 3513 and other mandatory election laws which are necessary for certification of the common pleas petition. We further find that there existed no prohibitions within R.C. Title 35 that prevented the relator from circulating the common pleas petition while possessing the previously certified appeals petition. Once the relator properly withdrew his original appeals petition, no legal impediment existed to prevent the relator from filing his newly circulated common pleas petition. Once filed, the respondent possessed a duty to certify the relator's common pleas petition. Cf. *State ex rel. Donnelly v. Green* (1958), 106 Ohio App. 61, 6 O.O.2d 340, 148 N.E.2d 519; *State ex rel. Wiethe v. Hamilton Cty. Bd. of Elections* (1954), 98 Ohio App. 89, 57 O.O. 181, 128 N.E.2d 121.

■ Finally, we hold that the respondent's decision, which invalidated and decertified the relator's common pleas petition, was arbitrary, capricious, and unreasonable. Cf. *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 19 OBR 123, 482 N.E.2d 1248. This finding of an abuse of discretion is especially well taken in light of the fact that the statutes and regulations that limit an individual's right to hold office must be given a liberal construction so as to favor those seeking public office in order that the general public may have the benefit

of choice from all those who are in fact and law qualified to hold an elected position. Cf. *State ex rel. Schenck v. Shattuck* (1982), 1 Ohio St.3d 272, 1 OBR 382, 439 N.E.2d 891; *State ex rel. Flynn v. Cuyahoga Cty. Bd. of Elections* (1955), 164 Ohio St. 193, 57 O.O. 402, 129 N.E.2d 623; *Gazan v. Heery* (1936), 183 Ga. 30, 187 S.E. 371. It must also be noted that this court is required to avoid unduly technical interpretations that impede the policy that favors free, competitive elections. *State ex rel. Ruehlmann v. Luken* (1992), 65 Ohio St.3d 1, 598 N.E.2d 1149; *Stern v. Cuyahoga Cty. Bd. of Elections* (1968), 14 Ohio St.2d 175, 43 O.O.2d 286, 237 N.E.2d 313.

Accordingly, we grant the relator's motion for summary judgment and issue a writ of mandamus. Forthwith, the respondent is ordered to recertify the relator's declaration of candidacy and petition for the Democratic Primary election, office of judge of the Cuyahoga County Court of Common Pleas, General Division, full term commencing January 7, 2001. In addition, the respondent is ordered to place the relator's name on the March 7, 2000 primary ballot as a Democratic candidate for the office of judge of the Cuyahoga County Court of Common Pleas, General Division, full term commencing January 7, 2001. Relator's request for attorney's fees is denied. Alternative writ of mandamus, as granted on January 25, 2000, and modified on January 26, 2000, is dissolved. Costs to respondent.

*Writ granted.*

MICHAEL J. CORRIGAN and KILBANE, JJ., concur.