Weygandt, C. J.
 

 This controversy arises by reason of the fact that on December 10, 1950, the relator changed his residence from 1219 Winton avenue, precinct T of ward 4 in the city of Akron to 1173 Packard Drive, precinct AA in the same ward but did so without making a request to the respondent board of elections for a change of his registration in conformity with the provisions of Section 4785-44, General Code. For this reason the respondent board of elections rejected the relator’s nominating petition and declaration of candidacy, although no protest thereto had been filed.
 

 The relator filed his petition and declaration with the respondent- board on January 18, 1951, stating that his then “voting residence” still was precinct T of ward 4, and that he was a qualified elector therein. He stated further that his “postoffice address” was 1173 Packard Drive.
 

 The first question is presented by the relator’s con
 
 *101
 
 tention that the respondent board of elections was without authority to reject the relator’s petition and declaration in the absence of a protest thereto.
 

 Based on reason alone, it would seem that a board of elections should not be helpless to reject an invalid petition and declaration simply because a protest thereto has not been filed. But it is not necessary to place the matter solely on this ground. Section 4785-13, General Code, contains the following provisions:
 

 “The boards of elections within their respective jurisdictions by a majority vote shall exercise, in the manner herein provided, all powers granted to such hoards in this act, and shall perform all the duties imposed by law which shall include the following:
 

 *
 
 ***
 

 “k. To review, examine and certify the sufficiency and validity of petitions and nomination papers.”
 

 And in Section 4785-80, General Code, it is provided in part as follows:
 

 “Primary election ballots shall contain the names of all persons whose declarations of candidacy and petitions have been determined to be valid.”
 

 Furthermore, in the
 
 per curiam
 
 opinion in the case of
 
 State, ex rel. McGinley,
 
 v.
 
 Bliss et al., Board of Elections,
 
 149 Ohio St., 329, 78 N. E. (2d), 715, this court held:
 

 “Paragraph k of Section 4785-13, General Code, authorizes a board of elections ‘to review, examine and certify the sufficiency and validity of petitions and nomination papers,’ and paragraph five of Section 4785-80, General Code, requires that ‘primary election ballots shall contain the names of all persons whose declarations of candidacy and petitions have been determined to be valid.’
 

 “It is significant that Section 4785-13, General Code, does not provide for the filing of protests. The provisions of Section 4785-70, General Code, relating to
 
 *102
 
 notice and hearing, apply only where protests are filed against the candidacy of any person filing a declaration of candidacy. No such protest was filed in this instance and the prospective candidate is the only person challenging the action of the board in rejecting his nomination papers. Furthermore, if a notice and hearing had been had, the board of elections could not have done otherwise than to determine the declaration of candidacy and petition invalid for the reason that the prospective candidate had not ‘fully complied with the law relating to primary elections.’
 

 “We agree with the conclusion of the Court of Appeals that the declaration of candidacy of the relator was clearly not in accord with the mandatory provisions of Section 4785-71a, General Code, and that the refusal to accept relator’s declaration of candidacy and petitions did not constitute an abuse of discretion warranting the issuance of a writ of mandamus. ’ ’
 

 The second question is whether the relator was a qualified elector on the day be filed his petition and declaration.
 

 Evidently the relator realized that on that day he was not qualified to vote in his new precinct because he had not changed his registration. He made no attempt to qualify from that location, inasmuch as in the affidavit in his declaration he stated that his “voting residence” still was in precinct T.
 

 But was he a qualified elector in that precinct where he formerly lived? In other words, would he have been eligible to vote in that precinct if the election had been held on the day he filed his petition and declaration?
 

 In Section 4785-3, General Code, an elector or qualified elector is defined as “a person having the qualifications provided by law to entitle him to vote.”
 

 The relator relies on the following provisions of amended Section 4785-30, General Code:
 

 
 *103
 
 “No person shall be permitted to vote at any election unless he shall have been a resident of the state one year, of the county forty days and of the voting precinct forty days next preceding the election at which he offers to vote, provided that any qualified elector who in good faith moves his residence from one precinct to another precinct in the same county at any time subsequent to the fortieth day preceding an election shall have the right to vote at such election in the precinct from which he moved wherein his voting residence had been legally established * *
 

 The respondents contend that the relator’s declaration and petition contain false statements as to his residence and hence are invalid. Are they false?
 

 In the forms prescribed by the General Assembly in amended Section 4785-71, General Code, a distinction is made between a “voting residence” and a “postoffiee address.” In his declaration and petition the relator gave his “postoffice address” as 1173 Packard avenue — his new location. This was correct.
 

 But his “voting residence” still was given as precinct T of the 4th ward — his former location. Was this incorrect?
 

 As provided in amended Section 4785-30, General Code,
 
 supra,
 
 “any qualified elector who in good faith moves his residence from one precinct to another precinct in the same county at any time subsequent to the fortieth day preceding an election shall have the right to vote at such election in the precinct from which he moved wherein his voting residence had been legally established.” It is conceded that the relator had been a qualified elector in precinct T. It is conceded, too, that he moved from Winton avenue to Packard Drive on December 10, 1950, and that he filed his declaration and petition on January 18, 1951. This, of course, was just within the statutory forty-day period, and therefore he still was eligible to vote in the precinct from which he had moved, although he
 
 *104
 
 had. not changed his registration at the board of elections. His statement that precinct T was his “voting residence ’ ’ was not false. His declaration and petition are not invalid and should not have been rejected by the respondents.
 

 Writ allowed.
 

 Zimmerman, Stewart, Middleton, Taft, Matthias and Hart, JJ., concur.