Hart, J.
I concur in the judgment but for a different reason. The sole question to be answered is whether the board of elections was justified in rejecting the declaration of candidacy and petition of the relator because he was not on the day of filing his declaration and petition a registered elector at his new place of residence in “G” precinct, seventh ward, Cincinnati.
It must be kept in mind that the relator’s former residence and new residence were in the same city, county and congressional district, and that he was a registered elector at his former place of residence at the time his declaration of candidacy and petition were filed. No claim is made that relator’s statement in his declaration and petition was made for any fraudulent purpose or to deceive the board with which he filed them. Apparently, the error was entirely the result of inadvertence on his part. Although the relator made an effort to register in the precinct of his new residence, nevertheless it is conceded and the fact remains that he had no registration in that precinct on the day he filed his declaration of candidacy and petition. Under the statute, it was necessary that he be a registered elector on the date of filing.
The pertinent part of Section 4785-30, General Code, provides as follows:
“No person shall be permitted to vote at any election unless he shall have been a resident of the state *330 one year, of the county forty days and of the voting precinct forty days next preceding the election at which he offers to vote, provided that any qualified elector who in good faith moves his residence from one precinct to another precinct in the same county at any time subsequent to the fortieth day preceding an elction shall have the right to vote at such election in the precinct from which he moved wherein his voting residence had been legally established * * *.”
By reason of the provisions of this section of the statute, an elector’s registration for election purposes is kept alive for forty days in the precinct and ward from which he has removed unless within that period his registration has become effective in the precinct and ward of his new residence, provided the two residences are in the same county.
In the case of State, ex rel. Ehring, v. Bliss et al., Board of Elections, 155 Ohio St., 99, 97 N. E. (2d), 671, the relator, a resident of Akron, had moved from one precinct to another in that city on a date subsequent to the fortieth day preceding the filing of his declaration of candidacy and petition for councilman at large in the city of Akron. He failed to request the board of elections, in conformity with the provisions of Section 4785-44, General Code, to have his registration changed. In his declaration of candidacy and petition he gave his new address as his “postoffice address” and his old address as his “voting residence.” The Summit County Board of Elections rejected his declaration of candidacy and petition on the ground that he was not a registered elector at his new address. This court held that Ehring, relator in that case, would have been eligible to vote in the precinct of his former residence if the election had been held on the day he filed his declaration and petition.
The last three paragraphs of the syllabus of the Ehring case, above cited, are as follows:
*331 “3. Under the provisions of Section 4785-3, General Code, an elector or qualified elector is a person having the qualifications provided by law to entitle him to vote.
“4. Under the provisions of amended Section 4785-30, General Code, any qualified elector who in good faith removes from one precinct to another precinct in the same county at any time subsequent to the fortieth day preceding an election shall have the right to vote at such election in the precinct from which he moved wherein his voting residence had been legally established.
“5. An elector’s petition and declaration of candidacy for the office of councilman at large are not invalid by reason of the fact that within forty days preceding the filing thereof the elector has in good faith removed from one precinct to another in the same ward of the municipality without changing his registration at the county board of election.”
I am of the opinion that the principles applied in that case are applicable here, and that the relator in the instant case was a duly qualified registered elector in the precinct of his former residence in the district from which he filed his declaration of candidacy and petition at the time they were filed, and that the board of elections unlawfully rejected them.