THE STATE, EX REL. SCHENCK, PROSECUTING ATTORNEY, APPELLEE, *v.* SHATTUCK, JR., JUDGE, APPELLANT.

[Cite as State, ex rel. Schenck, *v.* Shattuck (1982), 1 Ohio St. 3d 272.]

(No. 82-1101—Decided September 15, 1982.)

Mr. *William F. Schenck,* prosecuting attorney, *pro se.*

Messrs. *Brandabur, Campbell, Finlay, Johnson, McCormick, Weckstein &
Beard* and *Mr. J. Timothy Campbell,* for appellant.

*Per Curiam.* The sole issue raised by this appeal is whether employment
as a referee constitutes the "practice of law" for purposes of R.C. 2301.01.
That statute provides, in part:

"There shall be a court of common pleas in each county held by one or
more judges, each of whom has been admitted to practice as an attorney at
law in this state and has, for a total of at least six years preceding his appoint-
ment or commencement of his term, engaged in the practice of law in this
state or served as a judge of a court of record in any jurisdiction in the United
States, or both, resides in said county, and is elected by the electors therein."

In holding that appellant's employment as a referee did not constitute the
practice of law, the Court of Appeals relied on *State, ex rel. Flynn,* v. *Bd. of
Elections* (1955), 164 Ohio St. 193 [57 O.O. 402]. There, this court construed a
similar provision in R.C. 1901.06 setting forth the qualifications for the office
of municipal judge. At the time, R.C. 1901.06 required that a municipal judge
"* * * shall have been actively engaged in the practice of law as his principal
occupation for at least five years * * *." In *Flynn,* the court noted that judges
are prohibited from practicing law under R.C. 4705.01 and determined that,
"[s]ince a Judge of the Cleveland Municipal Court in the performance of his
judicial duties can not, by this statutory definition, be considered as practicing
law, then neither can relator's services, as a referee, in assisting a judge in the
performance of judicial duties be considered the practice of law." *Id.* at 201.

Although the Court of Appeals felt judicially bound to follow the *Flynn* holding, it requested that we re-examine the question in light of the fact that R.C. 2301.01 is a "qualifications" statute. We have done so, and recognize as the Court of Appeals stated, that "[t]he decision in *Flynn* would permit a candidate who has engaged in a minimal practice of law with little or no exposure to the common pleas court practice to be deemed qualified, while [permitting] a fulltime referee of the common pleas court who daily confronts vexing legal problems of the court * * * to be rendered unqualified." For this reason, we share in the disquietude expressed by the court below.

We find that the better-reasoned approach was taken by the Supreme Court of Georgia in *Gazan* v. *Heery* (1936), 183 Ga. 30, 187 S.E. 371. Construing a similar qualifications statute, that court stated, at page 42: "* * * The words 'practice of law' may have an entirely different meaning in a statute designed to prevent the practice of law by one not qualified to do so, from that which the same expression should have in determining qualification to hold judicial office. * * * The purpose of section 6 of the statute creating the municipal court of Savannah was not to place an arbitrary and technical barrier against a person who might possess in reality the knowledge, training, experience, and soundness of judgment such as would qualify him to fill the office of chief judge of the municipal court. Words limiting the right of a person to hold office are to be given a liberal construction in favor of those seeking to hold office, in order that the public may have the benefit of choice from all those who are in fact and in law qualified."

Adopting this rationale, we hold that employment of a lawyer as a referee constitutes the practice of law for purposes of R.C. 2301.01 and overrule *Flynn* insofar as it is inconsistent with today's decision.

The judgment of the Court of Appeals is reversed and the writ of *quo warranto* denied.

*Judgment reversed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.