THE STATE, EX REL. CARR, APPELLANT, *v.* CUYAHOGA
COUNTY BOARD OF ELECTIONS, APPELLEE.

[Cite as *State, ex rel. Carr, v. Cuyahoga Cty.
Bd. of Elections* (1992), 63 Ohio St.3d 136.]

(No. 91–2097—Submitted October 31, 1991—
Opinion released February 12, 1992.)

*Armstrong, Gordon, Mitchell & Damiani, Louis C. Damiani* and *Bruce A. Zaccagnini,* for appellant.

*Stephanie Tubbs Jones,* Prosecuting Attorney, *Patrick J. Murphy* and *Michael P. Butler,* for appellee.

---

*Per Curiam.* Carr first argues that both protests were untimely filed under R.C. 3513.263,[1] that the second protest was not filed by a qualified elector eligible to vote for the candidate, as required by R.C. 3513.263, and that the board abused its discretion by hearing the protests. However, we have allowed the board to examine and act on petitions regardless of the timeliness of the protest, see *State, ex rel. Hinkle, v. Franklin Cty. Bd. of Elections* (1991), 62 Ohio St.3d 145, 580 N.E.2d 767, and even absent any protest, *State, ex rel. Ehring, v. Bliss* (1951), 155 Ohio St. 99, 44 O.O. 117, 97 N.E.2d 671. Therefore, these arguments are not well taken.

Carr also asserts that the board abused its discretion by (1) finding that failure to register timely under Gov. Bar R. VI terminates an attorney's right to engage in the practice of law, (2) usurping the exclusive jurisdiction of this court to regulate and define the practice of law, and (3) denying her rights to due process and equal protection of the law.

In *State, ex rel. Flynn, v. Cuyahoga Cty. Bd. of Elections* (1955), 164 Ohio St. 193, 57 O.O. 402, 129 N.E.2d 623, overruled in part on other grounds in *State, ex rel. Schenk, v. Shattuck* (1982), 1 Ohio St.3d 272, 1 OBR 382, 439 N.E.2d 891, we upheld the constitutionality of R.C. 1901.06, insofar as it sets an experience requirement, and also upheld a board of election's determination that experience as a municipal court referee did not constitute the "practice of law." (This latter holding was overruled in *Schenk.*) *Flynn,* thus, implicitly

---

1. R.C. 3513.263 states in part:

"Written protests against such nominating petitions may be filed by any qualified elector eligible to vote for the candidate whose nominating petition he objects to, not later than the sixty-fourth day before the general election. * * *"

upheld a board's right to determine what the "practice of law" means under R.C. 1901.06.

In the instant case, both the board and the court of appeals relied on Section 2 of Gov. Bar R. VII, which at all relevant times defined "unauthorized practice of law" as the "rendering of legal services for others by anyone not registered under Rule VI or Rule XI of the Rules for the Government of the Bar of Ohio." The board also had before it evidence that from July 1, 1986 until July 1, 1991, Gov. Bar R. VI(7) stated in part:

"An attorney who is not listed on the roll of registered attorneys is not entitled to practice law nor hold himself out as authorized to practice law in this State."

The standard for reviewing a decision of a board of elections is whether the board engaged in fraud, corruption, abuse of discretion, or clear disregard of statutes or applicable legal provisions. *State, ex rel. Beck, v. Casey* (1990), 51 Ohio St.3d 79, 80, 554 N.E.2d 1284, 1285. We find no abuse of discretion or disregard of applicable legal provisions where the board apparently considered evidence of two plain rules of this court then in effect (and still in effect in the case of Gov. Bar R. VII as amended January 1, 1989) when applying R.C. 1901.06.

Moreover, the board did not usurp the exclusive jurisdiction of this court or deny Carr due process or equal protection of law. *Flynn, supra,* established the principle that boards of election may decide what is the practice of law for purposes of applying R.C. 1901.06. Such cases as *Schenk, supra,* and *State, ex rel. Devine, v. Schwarzwalder* (1956), 165 Ohio St. 447, 60 O.O. 95, 136 N.E.2d 47, permit courts of common pleas and appellate courts to make the same determination in *quo warranto* actions. Thus, we have never required a prior finding of unauthorized practice of law pursuant to the procedures of Gov. Bar R. VII before a board of elections or court of original jurisdiction could apply R.C. 1901.06. Obviously, the proceeding before a board of elections in an R.C. 1901.06 case is different from the proceeding outlined in Gov. Bar R. VII for a finding of unauthorized practice of law. However, both proceedings require notice and an opportunity to be heard, which, in this case, appear to have been fully accorded.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.