THE STATE EX REL. ALTIERE *v.* TRUMBULL COUNTY BOARD OF ELECTIONS.

[*State ex rel. Altiere v. Trumbull Cty. Bd. of Elections* (1992), 65 Ohio St.3d 164.]

(No. 92–1822—Submitted October 2, 1992—Decided October 6, 1992—Opinion announced December 9, 1992.)

*Ambrosy & Fredericka, James A. Fredericka* and *Curtis J. Ambrosy,* for relator.

*Dennis Watkins,* Prosecuting Attorney, and *James J. Misocky,* Assistant Prosecuting Attorney, for respondent.

---

*Per Curiam.*  We find that respondent erred by certifying Shaffer's candidacy, and so we allow the writ of prohibition.

R.C. 311.01(B) states:

"On and after January 1, 1988, except as otherwise provided in this section, no person is eligible to be a candidate for sheriff and no person shall be elected or appointed to the office of sheriff unless that person meets all of the following requirements:

" * * *

"(9) Has at least five years of full-time law enforcement experience in which the duties were related to the enforcement of statutes, ordinances, or codes * * *."

A majority of the respondent board seems to have based its decision on the conclusion that Shaffer's more than five years of part-time employment could equal the five years of full-time law enforcement "experience" required by the statute.  We judge that conclusion on the basis of whether there was an " * * * abuse of discretion or a clear disregard of statutes or legal provisions * * *."  *State ex rel. Flynn v. Cuyahoga Cty. Bd. of Elections* (1955), 164 Ohio St. 193, 57 O.O. 402, 129 N.E.2d 623, paragraph one of the syllabus, overruled on other grounds, *State ex rel. Schenck v. Shattuck* (1982), 1 Ohio St.3d 272, 1 OBR 382, 439 N.E.2d 891.  Moreover, we have stated:

" ' * * * Words limiting the right of a person to hold office are to be given a liberal construction in favor of those seeking to hold office, in order that the public may have the benefit of choice from all those who are in fact and in law qualified.' "  *State ex rel. Schenck v. Shattuck, supra,* 1 Ohio St.3d at 274, 1 OBR at 383, 439 N.E.2d at 893 (quoting *Gazan v. Heery* [1936], 183 Ga. 30, 42, 187 S.E. 371, 378).

R.C. 311.01(B) limits both the right to be a candidate for sheriff and the right to hold the office.  Thus, the statute should be construed under this rule of liberal construction.

In its brief, respondent cites a dictionary definition of "full-time," as meaning " * * * engaged in work, study, *etc.*, for certain time periods regarded as constituting one's full regular working hours."  Webster's New World Dictionary (3 Coll.Ed.1988) 545.  It also cites R.C. 124.382(A)(6) and (8) for contrasting definitions of "full-time employee" and "part-time employee."  This statute governs accrual of sick leave for state employees and demarcates these definitions at the point where the employee works eighty or fewer hours in a two-week state pay period.  Similarly, respondent cites R.C. 325.19 and 505.60, which, respectively, deal with vacation leave for county employees and group medical insurance for township employees.  The former statute distinguishes "full-time" and "part-time" on the basis of regular hours of service being forty hours a week or less;  the latter statute defines "part-time township employee" as one hired with the expectation of working not more than one thousand hours per year.

Respondent's citations miss the point, however.  R.C. 311.01(B)(9) requires five-years' full-time law enforcement *experience*, not full-time law enforcement *employment*.  For example, an otherwise qualified law enforcement officer who is a full-time volunteer might qualify under the statute.  Similarly, a candidate with a combination of full-time employment and full-time volunteer experience might qualify.  Under *Schenck, supra,* a liberal rule ought to apply to this requirement.  Hence, the respondent clearly did not abuse its discretion or disregard the statute when it focused on the distinction between experience and employment.  However, the board erred by disregarding the adjective "full-time" as applied to the term "experience."

The evidence establishes that Shaffer was and is a full-time industrial employee, who worked at various part-time law enforcement jobs from 1979 to 1990.  Moreover, he earned a number of diplomas for taking law enforcement courses.  However, we do not find enough continuity or unity to call this experience the equivalent of five years' "full-time" law enforcement experience, as required by R.C. 311.01(B)(9).

Respondent has carried the *Schenck* rule of liberality too far and extended full-time status to what was clearly part-time.  Accordingly, we find that the respondent disregarded the statute.

Accordingly, we allow the writ.

*Writ allowed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.