THE STATE EX REL. KELLY, APPELLANT, *v.* CUYAHOGA COUNTY BOARD OF ELECTIONS ET AL., APPELLEES.

[Cite as *State ex rel. Kelly v. Cuyahoga Cty. Bd. of Elections* (1994), 70 Ohio St.3d 413.]

(No. 94–916—Submitted July 27, 1994—Decided August 31, 1994.)

414

*Cassidy & Mottl Co., L.P.A.,* and *Paul W. Cassidy,* for appellant.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, *Patrick J. Murphy* and *Michael P. Butler,* Assistant Prosecuting Attorneys, for appellees.

*Per Curiam.* For the reasons that follow, we hold that the board of elections did not abuse its discretion or disregard the law in determining Gallagher's qualifications and affirm the court of appeals' judgment.

In extraordinary actions for review of a decision by a board of elections, the standard is "whether the board engaged in fraud, corruption, abuse of discretion, or clear disregard of statutes or applicable legal provisions." *State ex rel. Carr v. Cuyahoga Cty. Bd. of Elections* (1992), 63 Ohio St.3d 136, 138, 586 N.E.2d 73, 74. Kelly does not assert fraud or corruption.

Boards of elections are obligated to weigh evidence of a candidate's qualifications, and courts should not substitute their judgment for that of the board. *State ex rel. Herdman v. Franklin Cty. Bd. of Elections* (1993), 67 Ohio St.3d 593, 596, 621 N.E.2d 1204, 1206. Thus, the court of appeals properly found that the board did not abuse its discretion in relying on the following undisputed proof of Gallagher's qualifications:

" * * * Eileen Gallagher graduated from Ohio Dominican in 1977. She has worked as a classified civil servant in the Probation Department of the Cuyahoga County Common Pleas Court from 1979 through 1994. During that time she put herself through law school. She passed the July 1987 bar examination and was admitted to the Ohio Bar on November 16, 1987. Additionally, she has been admitted to the bars of the United States District Court and the United States Supreme Court. She has paid all necessary registration fees and complied with Ohio's continuing legal education requirements. She has her legal office in the Illuminating Building, complete with cards, letterhead and secretarial staff. She has filed twenty-seven lawsuits and drafted wills, deeds, trusts and incorporations. She has advised clients and settled other disputes before they reached formal litigation. She testified that she has been doing this ever since being admitted to the bar and that she works around her hours at the Probation

Department: before work, after work, lunch hours and comp time. Based on this evidence the Board determined that Ms. Gallagher had complied with R.C. 2301.01's requirement of being engaged in the practice of law for six years."

This court has also implicitly recognized a board of elections' right to determine what the practice of law means as a statutory qualification for judge. *Carr, supra,* 63 Ohio St.3d at 137–138, 586 N.E.2d at 74, citing *State ex rel. Flynn v. Cuyahoga Cty. Bd. of Elections* (1955), 164 Ohio St. 193, 57 O.O. 402, 129 N.E.2d 623, overruled in part on other grounds in *State ex rel. Schenck v. Shattuck* (1982), 1 Ohio St.3d 272, 1 OBR 382, 439 N.E.2d 891. In *Schenck,* the court refused to oust an elected judge from office on the authority of *Flynn* because part of the judge's qualifying six years of experience was spent as a common pleas court referee, for whom the practice of law is forbidden by statute. In holding that the referee experience constituted the practice of law for the purpose of R.C. 2301.01, the court said:

" 'Words limiting the right of a person to hold office are to be given a liberal construction in favor of those seeking to hold office, in order that the public may have the benefit of choice from all those who are in fact and in law qualified.' " *Id.* at 274, 1 OBR at 383, 439 N.E.2d at 893, quoting *Gazan v. Heery* (1936), 183 Ga. 30, 42, 187 S.E. 371, 378.

Basically, Kelly's argument for invalidating Gallagher's nomination is that R.C. 2301.01 requires six years of practicing law *full-time.* The statute, however, does not qualify the minimum experience for judicial candidates beyond the six-year benchmark, and references to full-time employment occur regularly elsewhere in the Revised Code. See, *e.g.,* R.C. 9.91(B) (designee for placing or purchasing tax-sheltered annuities chosen by percentage of "full-time" employees), 122.17(A)(1) ("full-time" employment required to constitute new jobs to qualify for corporate franchise or state income tax credits), 124.01(G) (requirement of ten or more "full-time" police or fire department employees to qualify as civil service township). R.C. 311.01(B)(9), in particular, mandates that a candidate for sheriff possess at least five years of "full-time law enforcement experience" to qualify for office. See *State ex rel. Altiere v. Trumbull Cty. Bd. of Elections* (1992), 65 Ohio St.3d 164, 602 N.E.2d 613.

Thus, if a six-year, full-time commitment to the practice of law had been the General Assembly's intent for common pleas judges, it would have so specified in R.C. 2301.01. The board of elections, therefore, did not disregard the law in accepting Gallagher's candidacy as a nominee for juvenile court judge.

The court of appeals' judgment is affirmed.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.