[This decision has been published in *Ohio Official Reports* at 97 Ohio St.3d 216.]

WHITMAN *v.* HAMILTON COUNTY BOARD OF ELECTIONS ET AL.

[Cite as *Whitman v. Hamilton Cty. Bd. of Elections*, 2002-Ohio-5923.]

*Elections—Writs of prohibition and mandamus sought to prevent Hamilton County Board of Elections and Secretary of State from placing Republican Party's candidate for judge of Court of Common Pleas of Hamilton County on the November 5, 2002 election ballot—Mandamus complaint dismissed and writ of prohibition denied, when.*

(No. 2002-1700—Submitted October 25, 2002—Decided October 30, 2002.)

IN PROHIBITION AND MANDAMUS.

————————————

**Per Curiam.**

{¶1} In February 2002, Frederick D. Nelson filed a declaration of candidacy and a petition for the Republican Party nomination for judge of the Court of Common Pleas of Hamilton County, Ohio, for the full term commencing February 10, 2003. Nelson subsequently won the May 7, 2002 primary election and is the Republican Party candidate for that judgeship in the November 5, 2002 general election. Relator, Bruce B. Whitman, is the Democratic Party candidate in the same election.

{¶2} On August 14, 2002, Whitman filed a written protest challenging Nelson's candidacy with respondent Hamilton County Board of Elections. In his protest, Whitman claimed that Nelson did not meet the eligibility criteria of R.C. 2301.01 because Nelson will not have practiced law in Ohio for at least six years preceding the commencement of his term if he is elected judge. At a hearing before the board, Nelson argued that the protest should be dismissed as untimely.

{¶3} On September 16, 2002, the board of elections deadlocked two-to-two on the motion to dismiss Whitman's protest. On September 30, 2002, the board

submitted the matter to respondent Secretary of State Kenneth Blackwell pursuant to R.C. 3501.11(X).

**{¶4}** On September 30, 2002, the Secretary of State dismissed Whitman's protest. The Secretary of State agreed with Nelson that the protest was not timely filed.

**{¶5}** On October 3, 2002, Whitman filed this action for a writ of prohibition or, in the alternative, a writ of mandamus to prevent the board and the Secretary of State from placing Nelson's name on the November 5, 2002 election ballot, and if already placed, to strike his name from the ballot. Respondents filed answers, and the parties filed evidence and briefs pursuant to the expedited schedule in S.Ct.Prac.R. X(9).

**{¶6}** This cause is now before the court for a consideration of the merits.

**{¶7}** Whitman requests writs of prohibition and mandamus to prevent the board of elections and the Secretary of State from placing Nelson's name on the November 5, 2002 election ballot.

Mandamus

**{¶8}** Whitman's mandamus claim is an ill-disguised request for prohibitory injunctive relief: to prevent Nelson's candidacy at the November 5, 2002 general election. " 'In general, if the allegations of a complaint for a writ of mandamus indicate that the real objects sought are a declaratory judgment and a prohibitory injunction, the complaint does not state a cause of action in mandamus and must be dismissed for want of jurisdiction.' " *State ex rel. Phillips v. Lorain Cty. Bd. of Elections* (2001), 93 Ohio St.3d 535, 537, 757 N.E.2d 319, quoting *State ex rel. Grendell v. Davidson* (1999), 86 Ohio St.3d 629, 634, 716 N.E.2d 704.

**{¶9}** Like the relator in *State ex rel. Cunningham v. Amer Cunningham Co., L.P.A.* (2002), 94 Ohio St.3d 323, 324, 762 N.E.2d 1012, Whitman attempts to couch his claim in terms of compelling affirmative duties on the part of respondents—to *remove* Nelson's name from the ballot if it has already been placed

2

on it. But since the manifest objective of his claim is to prohibit Nelson's candidacy, mandamus is as inappropriate as it was in *Cunningham*.

{¶10} Therefore, we lack jurisdiction over Whitman's mandamus claim, and as in comparable expedited election cases, we dismiss it. *Phillips*, 93 Ohio St.3d at 537, 757 N.E.2d 319; *State ex rel. Youngstown v. Mahoning Cty. Bd. of Elections* (1995), 72 Ohio St.3d 69, 70-71, 647 N.E.2d 769.

Prohibition

{¶11} In extraordinary actions challenging the decisions of the Secretary of State and boards of elections, the standard is whether they engaged in fraud, corruption, or abuse of discretion, or acted in clear disregard of applicable legal provisions. See, e.g., *State ex rel. Kelly v. Cuyahoga Cty. Bd. of Elections* (1994), 70 Ohio St.3d 413, 414, 639 N.E.2d 78; *State ex rel. Herman v. Klopfleisch* (1995), 72 Ohio St.3d 581, 583, 651 N.E.2d 995. There is no allegation of fraud or corruption here. Consequently, the dispositive issue is whether the Secretary of State abused his discretion or clearly disregarded applicable law in dismissing Whitman's protest as untimely.

{¶12} The Secretary of State neither abused his discretion nor clearly disregarded applicable law in holding that Whitman's protest was untimely and that at the time of the protest, the board of elections lacked authority to consider sua sponte Nelson's qualifications under R.C. 2301.01. "County boards of elections are of statutory creation, and the members thereof in the performance of their duties must comply with applicable statutory requirements." *State ex rel. Babcock v. Perkins* (1956), 165 Ohio St. 185, 187, 59 O.O. 258, 134 N.E.2d 839. R.C. 3501.39 governs pre-election protests concerning petitions and candidacies in election matters by providing:

{¶13} "(A) The secretary of state or a board of elections shall accept any petition described in section 3501.38 of the Revised Code unless one of the following occurs:

**{¶14}** "(1) A written protest against the petition or candidacy, naming specific objections, is filed, a hearing is held, and a determination is made by the election officials with whom the protest is filed that the petition is invalid, in accordance with any section of the Revised Code providing a protest procedure.

**{¶15}** "(2) A written protest against the petition or candidacy, naming specific objections, is filed, a hearing is held, and a determination is made by the election officials with whom the protest is filed that the petition violates any requirement established by law.

**{¶16}** "(3) The candidate's candidacy or the petition violates the requirements of this chapter, Chapter 3513. of the Revised Code, or any other requirements established by law."

**{¶17}** R.C. 3501.39(A)(1) requires a hearing on a written protest against any petition or candidacy, at which election officials can determine the validity of the petition "in accordance with any section of the Revised Code providing a protest procedure." R.C. 3513.05, which relates to declarations of candidacy and petitions in primary elections, governs the applicable statutory protest procedure here. That statute provides that these protests must be filed by any qualified elector who is a member of the same political party as the candidate and is eligible to vote at the primary election "not later than four p.m. of the sixty-fourth day before the day of the primary election." Whitman is not a member of Nelson's political party, and neither he nor anybody else filed a timely protest against Nelson's candidacy on the issue of his experience pursuant to R.C. 3513.05 and 3501.39(A)(1).

**{¶18}** Furthermore, Whitman "cannot rely on the protest procedure in R.C. 3501.39(A)(2), which contains no time requirement, to circumvent the specific statutory protest procedure of R.C. 3513.05, as incorporated in R.C. 3501.39(A)(1)." *State ex rel. Harbarger v. Cuyahoga Cty. Bd. of Elections* (1996), 75 Ohio St.3d 44, 46, 661 N.E.2d 699.

**{¶19}** Moreover, the board lacked authority under R.C. 3501.39(A)(3) to invalidate sua sponte Nelson's petition and candidacy at the time that Whitman filed his protest. Under R.C. 3501.39(B), "[a] board of elections shall not invalidate any declaration of candidacy * * * under division (A)(3) of this section after the fiftieth day prior to the election at which the candidate seeks nomination to office, if the candidate filed a declaration of candidacy * * * ." The board thus lacked authority to consider the merits of Whitman's challenge either sua sponte or on the protest after the primary election. See *Harbarger*, 75 Ohio St.3d at 46, 661 N.E.2d 699; see, also, *State ex rel. Klein v. Cuyahoga Cty. Bd. of Elections* (1995), 102 Ohio App.3d 124, 127, 656 N.E.2d 1031 ("Under R.C. Chapter 3513 the time specified for making a protest to a person's candidacy is up to sixty-four days before the primary. * * * After that time the board of elections has no duty to consider protests.").

**{¶20}** Whitman relies on *State ex rel. Carr v. Cuyahoga Cty. Bd. of Elections* (1992), 63 Ohio St.3d 136, 586 N.E.2d 73, and 2000 Ohio Atty.Gen.Ops. No. 2000-033, to support his contention that boards of elections are empowered to act on petitions regardless of the timeliness of the petition.

**{¶21}** Whitman's reliance on these authorities is misplaced. *Carr* preceded the amendment to R.C. 3501.39 that added the express prohibition in subsection (B) against a board's invalidating sua sponte any declaration of candidacy after the 50th day before the primary election at which the candidate seeks nomination to the office. 1995 Am.Sub.H.B. No. 99, 146 Ohio Laws, Part I, 549, 619-620. And the Attorney General's opinion actually concluded, consistent with the Secretary of State's decision to dismiss the protest, that "[a]fter the primary election, a county board of elections has no authority to remove from the general election ballot the name of a candidate, who was elected at the primary election as a political party's

nominee for office * * * ."[1]  Paragraph one of the syllabus.  In other words, "[a]ny determination by a board of elections as to the validity of a person's candidacy must be made well before the primary election."  Id. at 2-206.

{¶22} Moreover, this conclusion is consistent with our duty to defer to the Secretary of State's interpretation of election law if it is subject to two different, but equally reasonable, interpretations.  *Herman*, 72 Ohio St.3d at 586, 651 N.E.2d 995.

{¶23} In fact, Whitman's construction of the pertinent statutes is unreasonable.  Adopting Whitman's interpretation would render R.C. 3501.39(B) a nullity by having R.C. 2301.01 supersede it.  R.C. 2301.01, however, does not specify the procedure to raise a pre-election protest concerning the qualifications contained in R.C. 2301.01, so R.C. 3501.39 and incorporated statutory provisions like R.C. 3513.05 govern that procedure.  See *State ex rel. Gains v. Rossi* (1999), 86 Ohio St.3d 620, 622, 716 N.E.2d 204 ("in interpreting related and co-existing statutes, we must harmonize and accord full application to each of these statutes unless they are irreconcilable and in hopeless conflict"); R.C. 1.47(B) ("In enacting a statute, it is presumed that * * * [t]he entire statute is intended to be effective").

{¶24} Finally, despite Whitman's claims to the contrary, he has a legal remedy should Nelson be elected and take office.  Whitman could file a quo warranto action to challenge Nelson's right to hold office.  See, e.g., *Carr*, 63 Ohio St.3d at 138, 586 N.E.2d 73 (courts of common pleas and appellate courts may decide what constitutes the practice of law for purposes of statutory qualifications in quo warranto actions); see, also, *State ex rel. Schenck v. Shattuck* (1982), 1 Ohio St.3d 272, 1 OBR 382, 439 N.E.2d 891.  For example, in *State ex rel. Peirce v. Stark Cty. Bd. of Elections* (1958), 168 Ohio St. 249, 250, 6 O.O.2d 339, 153 N.E.2d

---

1. The opinion was concerned with an allegation that a candidate was a classified employee engaged in partisan political activity in violation of R.C. 124.57 at the time he filed his declaration of candidacy and campaigned for office.

393, we denied a writ of prohibition to prevent the candidacy of a person for common pleas court judge who allegedly did not meet the requirement of R.C. 2301.01 of six years of practicing law. In so holding, we found that the relator's unexplained lack of diligence prevented the requested extraordinary relief, but further noted that if the allegedly unqualified candidate was elected, "other remedies will be available to relator." Id.

{¶25} Therefore, Whitman is not entitled to the requested writ of prohibition.

{¶26} Accordingly, we dismiss Whitman's claim for a writ of mandamus and deny the writ of prohibition.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., concurs in judgment only.

————————————

**DOUGLAS, J., concurring in judgment only.**

{¶27} I concur in the judgment of the majority but for a reason different from those set forth by the majority opinion. R.C. 3501.11(X) provides that in all cases of a tie vote or a disagreement in the board of elections, the matter in controversy shall be submitted to the Secretary of State, "who shall summarily decide the question, and the secretary of state's decision shall be final." Thus, when the Secretary of State made his decision, the matter was at an end.

{¶28} This provision could not be clearer, and, therefore, further discussion by the majority in denying the requested writ is unwarranted. Accordingly, I concur in the judgment only.

————————————

Dinsmore & Shohl, L.L.P., and Mark A. Vander Laan, for relator.

Michael K. Allen, Hamilton County Prosecuting Attorney, Gordon M. Strauss and Edward J. Geiser, Assistant Prosecuting Attorneys, for respondent Hamilton County Board of Elections.

Betty D. Montgomery, Attorney General, Arthur J. Marziale Jr. and Elizabeth Luper Schuster, Assistant Attorneys General, for respondent Secretary of State J. Kenneth Blackwell.

———————————