Dear Thomas E. Perez, Esquire
You have asked for our opinion concerning the eligibility requirements for the office of Attorney General. Your inquiry focuses on a provision in the State Constitution that requires that a candidate have practiced law in the State for at least 10 years. Essentially, you ask whether legal work performed in Maryland and authorized by federal law counts toward this requirement even if the attorney was not a member of the Maryland bar at the time.
In our opinion, in order to satisfy the practice requirement for the office of Attorney General, an individual must have been authorized to practice law in Maryland for at least 10 years and must have performed activities that constitute the practice of law during that period in the State. While the State Constitution explicitly requires that a candidate for Attorney General have practiced law in the State for 10 years and implicitly requires that the candidate be admitted to the State bar, it neither explicitly nor implicitly requires that a candidate have accumulated all of that experience while a member of the State bar. Practice in Maryland authorized by federal and State law counts toward the durational experience requirement in the Maryland Constitution, even if that work was performed while the attorney was not a member of the Maryland bar.
 I Background
You provided a nine-page letter recounting the details of your legal career. We summarize the information in that letter as follows.[1]
After graduation from law school in 1987, you worked as a law clerk for a federal judge in Colorado. You took the New York bar exam and were admitted to practice in New York in 1988. In 1989 you accepted a position with the United States Department of Justice and moved to Maryland where you have lived continuously to the present; you state that you have been eligible to vote in Maryland since you moved here 17 years ago.
From 1989 through 1994, you worked as a criminal prosecutor in the Civil Rights Division of the Department of Justice. While your office was located in Washington, D.C., you state that you investigated allegations of civil rights violations throughout the country, including Maryland. With respect to those cases, you were responsible, in conjunction with local Assistant United States Attorneys and federal investigators, for determining whether the case merited prosecution, based on the law and relevant facts. If a case merited prosecution, you would, in conjunction with the local United States Attorney's Office, present the evidence to a grand jury for indictment and pursue the matter to conclusion. You state that you handled numerous matters in Maryland during this period, although you did not keep a precise count of cases by jurisdiction.
In 1994, you became one of the three Deputy Chiefs of the Criminal Section of the Civil Rights Division. Supervisory duties for the Section's cases were divided among the three deputy chiefs by geographical area; you were responsible for all cases in Maryland. As an example, you describe a cross-burning case that you supervised, which was prosecuted in the federal district court in Maryland.
In late 1995 you were detailed to the staff of the Senate Judiciary Committee, where you worked periodically for approximately two years. During your time assisting the committee, you state that you worked on various legislative matters concerning juvenile crime, immigration, civil rights, and church arsons.
In early 1998, you were appointed Deputy Assistant Attorney General for Civil Rights, one of the top positions in the Civil Rights Division. In that capacity you supervised the litigation activities of the Criminal Section, Education Section, and Employment Section of the Civil Rights Division. You were responsible for approving all investigations undertaken by those sections, including those that occurred in Maryland. Among other things, you indicate that you were involved in the investigation of the fatal shooting of a Korean resident of Baltimore City as a possible hate crime. You state that you also helped develop the Department's litigation strategy in supporting a race-conscious transfer policy as a remedy to preserve integration in a case involving the Montgomery County schools.
In 1999, you left the Department of Justice to accept a position as director of the Office for Civil Rights ("OCR") in the United States Department of Health and Human Services. You indicate that this position involved "development and implementation of a national civil rights enforcement program in the health and human services context," largely under Title VI of the 1964 Civil Rights Act and Title II of the Americans with Disabilities Act. You state that OCR undertook a number of initiatives in Maryland during your tenure, although none resulted in litigation. In particular, you describe a review of Maryland's administration of the Temporary Assistance to Needy Families ("TANF") program with respect to individuals with limited English proficiency and your contacts with Maryland officials concerning compliance with a Supreme Court decision concerning institutionalization of individuals with disabilities.
You left OCR in early 2001 when you joined the faculty at the University of Maryland School of Law as Assistant Professor of Law and Director of Clinical Law Programs.[2] You took the attorney's exam for the Maryland bar that summer and were admitted to the Maryland bar later the same year.
In your position with the law school, you had administrative responsibilities for the school's clinical law programs, taught clinical law courses involving criminal law, civil rights, and health care access, and assisted students in handling actual cases for low-income clients, largely in Baltimore City. You state that you have also taught non-clinical courses and that your "research, scholarship, and service focuses on the intersection of civil rights and health care."
In 2003, you resigned your position as Director of Clinical Law Programs following your election to the Montgomery County Council. However, you have remained on the faculty of the law school and were recently promoted to Associate Professor of Law.
 II Constitutional Requirements
A. Article V, Section 4
The Maryland Constitution sets forth the eligibility requirements for a candidate for Attorney General as follows:
 No person shall be eligible to the office of Attorney General, who is not a citizen of this State, and a qualified voter therein, and has not resided and practiced Law in this State for at least ten years.
Maryland Constitution, Article V, § 4.
An individual must satisfy the eligibility requirements as of the date of the election for the office. 68 Opinions of theAttorney General 48, 65 n. 14 (1983); see also Rasin v.Leaverton, 181 Md. 91, 94-96, 28 A.2d 612 (1942) (eligibility for elective office to be determined as of the date of election);Oglesby v. Williams, 372 Md. 360, 375, 812 A.2d 1061 (2002) (determining whether candidate for State's Attorney met residency requirement with reference to date of election). However, the 10 years that satisfy the 10-year residency and experience requirements for the office of Attorney General need not be the 10 years immediately preceding the election. 68 Opinions of theAttorney General 342, 345-48 (1983).[3]
B. Rule of Construction for Eligibility Restrictions
Constitutional and statutory provisions that impose restrictions on the eligibility of a person to hold public office are construed liberally in favor of the eligibility of the person to hold the office. See 63C Am.Jur.2d Public Officers andEmployees § 53 at pp. 4979-8 (observing that the case law generally holds that "[i]f there is any doubt or ambiguity in the applicable provisions, such doubt or ambiguity must be resolved in favor of eligibility"); see also 67 C.J.S. Officers § 23 at pp. 175-76 ("The courts have a duty to liberally construe words limiting the right of a person to hold office"). The underlying basis for the presumption of eligibility is to favor the right of the voters to select their public officers. Id.
These principles have generally been applied in construing provisions that impose "practice of law" eligibility requirements, such as the requirement in Article V, § 4.[4]See 68 Opinions of the Attorney General at 59-62.
You state that you meet the citizenship and voter qualifications of Article V, § 4, and that you have lived in Maryland continuously since 1989. Your question relates to whether the practice experience that you recite in your letter satisfies the requirement in Article V, § 4 that a candidate have "practiced Law in this State for at least ten years."[5]
 III Analysis
A determination whether an individual satisfies the durational experience requirement in Article V, § 4, requires analysis of three subsidiary questions:
 (1) Was the individual authorized to practice law in Maryland during the relevant 10 years?
 (2) Did the individual in fact engage in activities that constitute the practice of law during that time?
 (3) Did the practice occur "in the State"?
We discuss each of those questions in turn.
A. Authorization to Practice
 1. Bar Membership
The vast majority of individuals who practice law in Maryland are authorized to do so as a result of their admission to the Maryland bar. A key question raised by your inquiry is whether Article V, § 4, requires that a candidate for Attorney General have been a member of the Maryland bar for at least 10 years. You state that, although you have worked as a lawyer in various capacities since 1988, you have been a member of the Maryland bar for only five years. If the State Constitution makes membership in the Maryland bar for 10 years a prerequisite for the office, you would clearly fail to qualify at this time and there would be no need for any further analysis of your practice experience. The question thus is whether the durational experience requirement implies an equal period of Maryland bar membership.[6]
Some state constitutions explicitly require membership in the particular state's bar as a condition of eligibility for the office. See, e.g., Georgia Constitution, Article V, § 3(b) (candidate for Attorney General must "have been an active-status member of the State Bar of Georgia for seven years); Florida Constitution, Article IV, § 5(b) ("the attorney general must have been a member of the Florida bar for the preceding five years").[7] The Maryland Constitution does not contain an explicit requirement of bar membership.[8]
Although the State Constitution does not explicitly make membership in the Maryland bar a prerequisite to run for the office, in our view, a candidate for Attorney General must necessarily be a member of the Maryland bar. Otherwise, the individual would be unable to carry out some of the most basic functions of the office set forth in the State Constitution —e.g., representation of the State in State appellate courts, prosecution of civil, criminal, and administrative proceedings before State tribunals, rendering assistance to State's Attorneys in criminal matters in State courts. Maryland Constitution, Article V, § 3(a)(1)-(3).
While the Maryland Constitution implicitly requires that a candidate be a member of the Maryland bar, it does not explicitly require membership for any particular period of time, but rather specifies that a candidate for Attorney General must have "practiced Law in this State for at least ten years." A durational experience requirement is not necessarily equivalent to a requirement of State bar membership for an equivalent period. See 64 Opinions of the Attorney General 103, 105-6 (1979).[9]
Membership in the State bar for 10 years would authorize an individual to practice law in the State during that period — an obvious stepping stone toward meeting the durational experience requirement. At the time of adoption of the 1864 and 1867 constitutions, membership in the State bar was likely the only way a person could be authorized to practice law in the State for any appreciable time. However, in our view, the limitations that existed on legal practice in Maryland in the mid-1860s should not govern how the constitutional provision is read in light of contemporary legal practice.[10] Individuals who are not members of the State bar may currently practice law in the State in certain circumstances under State and federal law.
2. State Law Authorizing Practice of Law in Maryland
The regulation of the practice of law in Maryland is shared by the General Assembly and the Court of Appeals. See PublicService Comm'n v. Hahn Transportation, Inc., 253 Md. 571, 583,253 A.2d 845 (1969); 90 Opinions of the Attorney General 101, 102-4 (2005). The Maryland Lawyers Act provides that "[e]xceptas otherwise provided by law, a person may not practice, attempt to practice, or offer to practice law in the State unless admitted to the Bar." Annotated Code of Maryland, Business Occupations Professions Article ("BOP"), § 10-601(a) (emphasis added); see also BOP § 102-06(a). Thus, as a general rule, an individual must be a member of the Maryland bar in order to "practice law" in Maryland. However, the statute also contemplates that the law may authorize the practice of law in the State by individuals who are not members of the State bar.
Some authorizations to practice without bar membership are contained in the Maryland Lawyers Act. See, e.g., BOP § 102-06(b)(1)-(2) (persons representing landlords or tenants in summary ejectment proceedings); BOP § 10-206(b)(3) (business representatives in certain actions in the District Court); BOP § 102-06(c) (individuals registered to practice patent law); BOP § 102-06(d) (corporate house counsel). Other authorizations are contained in the Rules Governing Admission Rules to the Bar of Maryland ("Bar Admission Rules"), promulgated by the Court of Appeals. See, e.g., Bar Admission Rules 15 (special authorization for out-of-state attorneys to practice in legal services program); 16 (clinical practice by law students). These limited exceptions are likely to be of little relevance to the determination of an individual's eligibility for the office of Attorney General. See 68 Opinions of the Attorney General
at 63-64 n. 13. However, under the Supremacy Clause of the United States Constitution,[11] federal law may authorize more extensive practice of law in a State under certain circumstances, regardless of whether the practitioner is a member of the Maryland bar.
3. Practice Authorized by Federal Law
Federal law may authorize an individual to engage in activities constituting the practice of law in a state, even if the individual is not admitted to the state bar. See Sperry v.Florida, 373 U.S. 379 (1963) (individual not admitted to Florida bar could lawfully prepare and prosecute patent applications in Florida even though those activities constituted the "practice of law" under Florida law); see also Kennedy v. Bar Association ofMontgomery County, 316 Md. 646, 662, 667-68, 561 A.2d 200 (1989) (discussing the possibility that a private attorney not admitted to the Maryland bar could maintain an office in the State exclusively devoted to practice before federal and District of Columbia courts).
Pertinent to your inquiry, federal law authorizes attorneys employed by the Department of Justice to practice law in Maryland for specified purposes, even if they have not been admitted to the Maryland bar. In general, the conduct and supervision of litigation involving the federal government is reserved to the federal Attorney General and his or her subordinates in the Department of Justice. 28 U.S.C. §§ 516, 519. Lawyers in the Department of Justice "may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States, or in a court of a State, or to attend to any other interest of the United States." 28 U.S.C. § 517 (emphasis added);see also United States Attorney's Manual § 22-.400 (state court proceedings), Civil Resource Manual § 45 (factors to be considered in decision whether to remove action from state court).[12] Thus, lawyers employed by the federal Department of Justice may practice in Maryland, not only before federal tribunals, but also in State forums, in connection with their duties on behalf of the United States.
Attorneys employed by the federal government are "subject to State laws and rules, and local federal court rules, governing attorneys in each State where such attorney engages in that attorney's duties, to the same extent and in the same manner as other attorneys in that State." 28 U.S.C. § 530B(a).[13]
Similarly, since at least 1989, the federal district court in Maryland has incorporated the professional conduct rules adopted by the Maryland Court of Appeals. See Local Rule 2A of the Rules of the United States District Court for the District of Maryland (1989); Local Rule 704 (2006). Thus, an attorney employed by the federal government to practice in Maryland is subject to the disciplinary rules adopted by the Court of Appeals even if the attorney is not a member of the Maryland bar.
4. Summary
It is evident that an attorney employed by the federal Department of Justice could have significant practice experience within the State.[14] That practice could at times involve the application of Maryland state law[15] or even appearances before State tribunals. Moreover, even if that experience were largely before the federal tribunals — the United States District Court, the United States Court of Appeals for the Fourth Circuit, the United States Bankruptcy Court, federal administrative agencies in Maryland — such experience could be very relevant to the duties of the Maryland Attorney General, who is exclusively in charge of the State's extensive litigation in those courts. See Maryland Constitution, Article V, § 3.[16]
To require that such an attorney have been a member of the Maryland bar for 10 years would be to add a durational requirement that the framers of the State Constitution chose not to include and would likely eliminate many well-qualified attorneys with significant relevant experience. This would be at odds with the general principle that eligibility restrictions should be liberally construed in favor of the potential candidate. In our view, the State Constitution does not require that a candidate for Attorney General have been a member of the Maryland bar for at least 10 years, if the candidate is a member of the State bar and is otherwise able to satisfy the 10-year practice requirement.[17]
B. Activities that Constitute the Practice of Law
A second question is whether the activities that you recount would be considered the practice of law.
1. 1983 Attorney General Opinion
In a 1983 opinion that carefully reviewed the history of the constitutional office of Attorney General, Attorney General Sachs stated that constitutional history was "inconclusive" as to the meaning of "practiced Law" in Article V, § 4. 68 Opinions of theAttorney General 48, 53-54. However, based on his review of the constitutional debates and historical materials from the 1860s, when this provision was added to the State Constitution, he inferred that the requirement "can best be understood as generally expressing the framers' intention that the Attorney General be a person steeped in the law, of sufficient legal maturity to undertake the duties of the office." Id. In addition, he reasoned that, to carry out that purpose, the practice requirement should be construed to reflect and accommodate the changes in legal practice since the 1867 Constitution was adopted. Id.
Attorney General Sachs observed that the framers of the mid-19th Century constitution contemplated that one attorney — the Attorney General — would conduct all of the State's litigation and personally advise State officials on a wide range of issues. Id. at 55-56. By the early 20th century, the State Constitution was amended to allow the Attorney General to appoint other lawyers as assistants. Implementing legislation made clear that the Attorney General's role had changed from personal practice to supervision and oversight of other attorneys carrying out the duties of the office. Id. at 56. Referring to the contemporary role of the position, Attorney General Sachs stated that "[a]s a practical matter, of course, the Attorney General is, more than ever, a manager and policymaker." Id.
at 56. Referring to the contemporary role of the position, Attorney General Sachs stated that "[a]s a practical matter, of course, the Attorney General is, more than ever, a manager and policymaker." Id. at 56.
The opinion looked to the principles used by the Court of Appeals to interpret other provisions of the State Constitution in light of changed conditions over the course of history. It concluded:
 In our view, the "practiced Law" eligibility requirement should be construed in consonance with the changed responsibilities of the Attorney General and the changes in the nature of legal practice. Certainly, the expertise and acumen derived from a personally conducted private practice, which the framers of the provision seemingly had specifically in mind, remain highly pertinent. But other legal skills that reflect experience with types of legal practice unknown in 1864 — for example, managing the work of subordinate attorneys or shaping legal policy for a public or private institutional client — are now just as pertinent to the constitutional test. To read the provision as if its scope were forever frozen in the mid-Nineteenth Century legal era would frustrate its overall purpose: that the Attorney General's legal experience be "fit . . . for this office," as both the nature of legal practice and the duties of the Attorney General may evolve.
Id. at 57. Attorney General Sachs noted that other jurisdictions had also construed "practice of law" eligibility requirements liberally. Id. at 59-62.[18]
Applying that analysis and citing the principle that eligibility restrictions should be liberally construed in favor of a candidate's eligibility, Attorney General Sachs concluded that service as the Dean of the University of Maryland School of Law counted toward the practice requirement. 68 Opinions of theAttorney General at 65.
2. Practice Requirement for Attorney's Examination
According to your letter, you were admitted to the Maryland bar after successfully passing an abbreviated examination for the Maryland bar known as the attorney's examination. The prerequisites for taking that examination have been set forth by the Court of Appeals in Bar Admission Rule 13. That rule is based on the reasonable assumption that lawyers who have practiced for a number of years under a bar admission in another state already likely possess the skills and knowledge that the regular bar exam tests. In the Matter of the Application of R.G.S., 312 Md. 626,630, 541 A.2d 977 (1988).
Among other things, that rule requires that the applicant satisfy a "professional experience" requirement for either a total of 10 years or at least five years of the 10 years immediately preceding the application. Bar Admission Rule 13(b), (d). Although the professional experience requirement may be met in a number of ways, the only means relevant to your background as of 2001 was as a "practitioner of law." Bar Admission Rule 13(b).[19] The rule defines "practitioner of law" as one "who has regularly engaged in the authorized practice of law . . . as the principal means of earning a livelihood" and whose professional experience and responsibilities satisfy the State Board of Law Examiners. Bar Admission Rule 13(c). The Court of Appeals has indicated that the experience requirement in Article V, § 4 is "much less restricted than" the concept of the "practice of law" in this rule. In the Matter of the Applicationof R.G.S., 312 Md. at 637. In order to accept your application under that standard, the Board presumably found that your experience in the federal government satisfied the professional experience requirement of the rule.
3. Summary
The 10-year practice requirement in Article V, § 4, was designed to ensure that candidates for the office would possess experience relevant to the demands of the office which, even in its early years, involved diverse issues and responsibilities. Currently, the position oversees a law office consisting of several hundred lawyers who have expertise on a broad range of legal issues that no one individual could ever aspire to master. A large part of the job of a contemporary Attorney General is the oversight of a large law office, representation of the State on a range of issues, and litigation in both federal and State courts. The practice experience that you have outlined could be seen as consistent with the demands of the office.
In your letter, you state that, while at the Department of Justice, you investigated and prosecuted criminal cases, supervised other attorneys engaged in criminal prosecutions and civil litigation, and helped develop the Department's litigation strategy in civil rights matters. Unsurprisingly, the State Board of Law Examiners determined that your experience satisfied the durational practice experience requirement for taking the attorney's exam for admission to the Maryland bar. In our view, there can be little question that the activities you describe at the Department of Justice constitute the practice of law.
The experience that you recount since 2001 when you joined the Maryland bar and the faculty at the University of Maryland School of Law — teaching law, administration of a clinical program, supervision of law students counseling clients and appearing in court — appears similar in nature to the practice experience of Dean Kelly recounted in the 1983 Attorney General Opinion. Indeed, your letter suggests that you may have had more experience during this period preparing and litigating actual cases than the Dean had. Again, in our view, under the standard articulated in the 1983 Attorney General Opinion, these activities constitute the practice of law for purposes of Article V, § 4.
C. Practice "in the State"
Finally, Article V, § 4 clearly requires that the practice of law occur "in the State." It is evident from the 1864 constitutional debates that the framers intended that qualifying practice of law occur in Maryland. When a motion was made to limit the qualification to admission to the Maryland bar and practice for seven years preceding the election, a delegate lodged the following objection:
 Mr. STIRLING: That does not exactly fit the term of residence in this State at seven years. It is possible that a man may have practiced law in this State for seven years and not have resided here for that length of time. In New York it often happens that a man practices law there for years, and does not live in the State at all. I know gentlemen who reside in this State and go to Washington day after day and practice law. I think the section is better as it is.
3 The Debates of the Constitutional Convention of the State of Maryland 1466 (August 19, 1864). In response, the motion was withdrawn and the both the residency and practice requirements were retained.
There is no requirement that an individual's practice be limited to Maryland. However, in our view, for an individual to practice "in the State," the individual must devote a significant portion of his or her professional time counseling clients in Maryland, appearing personally in courts or other tribunals in the State, managing a law office or legal institution within the State, or supervising such activities by subordinate attorneys in Maryland. The Maryland practice must have been regular and substantial, rather than sporadic and incidental.
There seems little question that your experience since 2001, during a period when you were a member of the Maryland bar and apparently actively appeared before Maryland courts, occurred "in the State." However, that experience amounts to approximately five years. Thus, the question is whether your experience during the period 1989 through 2001, which you largely spent as an attorney in various positions in the Civil Rights Division of the Department of Justice,[20] counts as practice "in the State."
Just because any attorney employed at the headquarters of the Department of Justice could theoretically be assigned to a case in Maryland does not mean that every attorney at the Department is practicing law in Maryland. In our view, such an attorney must have actually exercised responsibility over legal matters in Maryland, either by investigating and prosecuting cases or counseling agency clients in Maryland or by supervising attorneys who carry out such work. You state that you spent a significant portion of your practice on Maryland cases or supervising other lawyers in connection with Maryland matters during at least five of the years that you were at the Department of Justice. In our view, such practice would be "in the State" for purposes of Article V, § 4.
 IV Conclusion
In our opinion, in order to satisfy the practice requirement for the office of Attorney General, an individual must have been authorized to practice law in Maryland for at least 10 years and must have performed activities that constitute the practice of law during that period in the State. While the State Constitution explicitly requires that a candidate for Attorney General have practiced law in the State for 10 years and implicitly requires that the candidate be admitted to the State bar, it neither explicitly nor implicitly requires that a candidate have accumulated that all of that experience while a member of the State bar. Practice in Maryland authorized by federal and State law counts toward the durational experience requirement in the Maryland Constitution, even if that work was performed while the attorney was not a member of the Maryland bar.
There may be debate about what type of law practice renders a candidate best suited for the office of Attorney General. That is a political question that the State Constitution does not settle. Nor is this opinion an appropriate vehicle to evaluate the relative merits of any particular practice experience. Rather, that is an issue to be decided by the voters of the State. The Constitution merely sets a minimum threshold. 68 Opinions of theAttorney General at 64.
 J. Joseph Curran, Jr. Attorney General
 Robert N. McDonald Chief Counsel Opinions and Advice
[1] Because an Attorney General opinion is not a vehicle for investigating or determining facts, we base our analysis solely on the information that you have provided about your background.
[2] See Rule 13 of the Rules Governing Admission to the Bar of Maryland.
[3] In 68 Opinions of the Attorney General 342 (1983), Attorney General Sachs recounted the history of the durational requirements in Article V, § 4. He noted that the phrase "next preceding" had been deleted from the provision in order to allow attorneys who had been absent from the State during the Civil War to be eligible for the office. Id. at 347-48 n. 5.
[4] If the experience requirement in Article V, § 4, were strictly construed against eligibility of a potential candidate, Maryland would have one of the most exclusionary eligibility requirements for state attorney general in the nation. According to a survey by the Council of State Governments, few states include durational practice requirements as an eligibility criterion for state attorney general and, of those that do, only one other state has an experience requirement that exceeds seven years. See Council of State Governments, 37 Book of the States 269 (2005); Conn. Gen. Stat. Ann. § 3-124 (requiring that Connecticut Attorney General be "an attorney at law of at least ten years' active practice at the bar of this state").
[5] Under our policies governing Attorney General opinions we ordinarily do not respond to requests from private individuals. However, on occasion we have made exceptions to this general rule when there is a public interest in responding to the inquiry. 82 Opinions of the Attorney General 165 n. 2 (1997). Such circumstances may particularly arise in the construction of constitutional provisions governing qualifications for office. For example, in 68 Opinions of the Attorney General 48 (1983), Attorney General Sachs analyzed some of the qualifications for the office of Attorney General at the request of the Dean of the University of Maryland School of Law. Although the Dean happened to be employed by a State entity, that question was necessarily posed in a personal capacity. See Annotated Code of Maryland, State Personnel and Pensions Article, § 2-304(c).
[6] In his 1983 opinion construing Article V, § 4, Attorney General Sachs did not need to resolve this question as the potential candidate who had requested the opinion had been a member of the State bar for more than 10 years. 68 Opinions ofthe Attorney General 48 (1983).
[7] In a similar vein, the Maryland Constitution requires that a candidate for the office of State's Attorney have been "admitted to practice Law in this State . . . for at least two years." Maryland Constitution, Article V, § 10. Perhaps in light of the fact that this provision does not appear to require actual practice, as opposed to bar membership, a State constitutional treatise observes that it does "not seem to err on the side of too great strictness." Niles, Maryland Constitutional Law 294 (1915).
[8] As originally proposed at the 1864 constitutional convention, Article V, § 4 would have included three eligibility requirements: (1) admission to the State bar; (2) a durational practice requirement; and (3) a durational residency requirement.See 68 Opinions of the Attorney General 48, 51 n. 3 (1983); Proceedings of the State Convention of Maryland to Frame a New Constitution 503 (1864). The explicit requirement of admission to the State bar was dropped from the version ultimately adopted. 68 Opinions of the Attorney General at 51. When a new constitution was adopted in 1867, the current language was enacted, adding the requirements that a candidate be a citizen and qualified voter in Maryland. Id.
[9] In 64 Opinions of the Attorney General 103 (1979), Attorney General Sachs construed a portion of the Howard County Charter that required that the County solicitor be a member of the State bar and "actively engaged in the general practice of his profession in the State of Maryland for at least five years." The opinion dealt with the issue of whether a particular individual had "actively practiced law" in Maryland for the requisite time. Attorney General Sachs identified membership in the State bar for the requisite period as one of three factors favoring such a determination. However, he opined that an individual would not necessarily have to satisfy all of those factors to be "actively engaged" in the practice of law in Maryland.
[10] For example, at the time Article V, § 4 was adopted, admission to the Maryland bar was limited to "free white male citizen[s] of Maryland above the age of twenty-one years." Code of Public General Laws, Article XI, § 3 (1860); see also In theMatter of the Application of Charles Taylor, 48 Md. 28 (1877) (rejecting application of black attorney on ground thatFourteenth Amendment did not preempt racial and gender qualification for admission to Maryland bar).
[11] United States Constitution, Article VI.
[12] The authorization for a federal government attorney, including members of the Federal Public Defender's Office, to practice in federal court in Maryland without being a member of the Maryland bar is also reflected in the Rules of the United States District Court for the District of Maryland. See
Rule 701(1)(b). Under those authorizations, lawyers have practiced exclusively in Maryland for many years as Assistant United States Attorneys, Assistant Federal Public Defenders, and even the Federal Public Defender without being members of the Maryland bar.
[13] This provision, known as the McDade Amendment was added to federal law in 1998. Pub.L. 105-277, Div. A, § 101(b),112 Stat. 26811-18 (October 21, 1998). Pursuant to its terms the statute became effective in 1999. It was apparently a congressional reaction to the Department of Justice's position that state ethics rules did not apply to federal attorneys. See Casey,Regulating Federal Prosecutors: Why McDade Should Be Repealed,
19 Ga.St.U. L. Rev. 395, 402 (2002).
[14] The framers of the 1867 Constitution presumably did not foresee the practice of law by Justice Department attorneys in Maryland, as the Justice Department was not created until 1870.16 Stat. 162 (June 22, 1870). However, that does not mean that practice in the Justice Department should be discounted any more than service as a law school dean would be ignored because that post did not exist when the Constitution was enacted. See
68 Opinions of the Attorney General 48, 54 n. 6 (noting that the first dean of a law school was appointed in 1870).
[15] See, e.g., Assimilative Crimes Act, 18 U.S.C. § 7, 13
(incorporating state criminal law); Federal Tort Claims Act,28 U.S.C. § 2674 (incorporating state liability rules); Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 etseq. (defining federal crime and civil cause of action by reference to state criminal law); Interstate Travel in Aid of Racketeering Act, 18 U.S.C. § 1952 (defining federal offense by reference to state criminal violations).
[16] As originally enacted in the 1867 Constitution, this provision gave the Attorney General responsibility for representing the State in the United States Supreme Court. A 1976 constitutional amendment clarified that this responsibility also extended to the inferior federal courts. Chapter 545, Laws of Maryland 1976, ratified November 2, 1976.
[17] We do not think that an attorney with federal practice experience could qualify to run for Attorney General based solely on that experience and without being a member of the Maryland bar. Such an attorney, once he or she left his or her federal position to run for Maryland office, would lose the authorization of federal law to practice law in Maryland and accordingly would be unable to carry out the constitutional and statutory duties of the Maryland Attorney General. As noted above, the duties conferred on the Attorney General by the State Constitution necessarily require that the holder of the office be a member of the Maryland bar.
[18] See, e.g., Schenck v. Shattuck, 439 N.E.2d 891 (Ohio 1982) (service as "referee" or master satisfied practice of law requirement for judicial position); Reyna v. Goldberg,604 S.W.2d 549 (Tex.Civ.App. 1980) (service as judge's briefing attorney and executive director of district attorney's association, together with minimal outside practice, counted toward practice of law requirement for judicial office); Riddlev. Roy, 126 So.2d 448 (La.App. 1960) (individual inducted into army satisfied practice of law requirement for district attorney office without receiving fees or remaining continuously in the state by participating in court martials and representing clients while on leave); Devine v. Schwarzwalder, 136 N.E.2d 47 (Ohio 1956) (experience as attorney-examiner and permit division chief in liquor control agency counted toward practice requirement for municipal judge position); Gazan v. Heery, 187 S.E. 371 (Ga. 1936) (experience as a municipal judge met practice of law requirement for chief judge position).
[19] Experience as a judge or law professor would also count toward the professional experience requirement. Bar Admission Rule 13(b).
[20] You state that you were also detailed to a congressional committee for parts of two years and spent two years as director of OCR at the Department of Health and Human Services. However, we need not analyze whether those experiences would qualify as you advise that you spent nearly 10 years in the Department of Justice alone. *Page 118